FRANKLIN B. CHAPMAN, for the use of JOHN WIGHTMAN, Plaintiff in Error, *v.* JAMES A. McGREW, Defendant in Error.

ERROR TO TAZEWELL COUNTY COURT.

A parol agreement to vary a contract under seal cannot be pleaded in a court of law, to defeat a recovery on the original undertaking; and such an agreement will not discharge a security from liability.

The lessor cannot assign a lease by indorsement, so as to give the assignee such a legal interest as can be enforced in his name, although the assignee may, in that way, acquire an equitable title to the rents.

THIS was an action brought for rent, by Chapman, for the use of Wightman, against N. C. Selby and James A. McGrew, before a justice of the peace, where a judgment was rendered for the plaintiff, and by McGrew appealed to the County Court of Tazewell county. At the July term, 1857, said cause was submitted to the court without the intervention of a jury.

The plaintiff introduced a lease, bearing date Oct. 11th, 1856, under seal from Chapman to Selby, signed by Selby and McGrew, reciting that Chapman had leased to Selby the hotel known as the Chapman House, in the city of Pekin, for the term of one year, with the privilege of keeping it two; said Chapman to furnish the hotel with all necessary furniture, beds, bedding, cooking utensils, table ware, carpeting, and all necessary things and articles for carrying on and conducting said hotel; said furnishing to be of good and sufficient quality, to be furnished by Chapman by the first day of November, 1856, or as soon thereafter as Selby should need the articles, which were all to be kept in repair by Chapman; for which Selby was to pay Chapman $700 per year, payable monthly. That the names of the persons attached after the names of the lessor and lessee, were to be considered securities of Selby for the performance of the contract.

The defendant then proved that said lease was assigned to Wightman.

It was then admitted, on the part of the defendant, that the sum of $54.27 was still unpaid upon said lease.

The plaintiff then rested his case.

The defendant then introduced an agreement between N. C. Selby and John Wightman, assignee of Franklin B. Chapman, of a certain lease, dated Nov. 1st, 1856, in which N. C. Selby is lessee of the City Hotel, in the city of Pekin, in which it was agreed that Selby should release Wightman from furnishing any more furniture for keeping said hotel, and from keeping the same in repair, and that Wightman, during the time that Wightman

was assignee of Chapman, was to charge Selby only $500 per year, and that the deduction was specially made in consideration that Selby called on Wightman for no more furniture or repairs to the same.

To the introduction of said agreement in evidence the plaintiff objected; but the same was admitted by the court, to which the plaintiff excepted.

The defendant then proved that it would be fifty per cent. more profitable to the lessee to rent a hotel at $700 per year, and have the same furnished and kept in repair at the expense of the lessor, than to rent one at $500, and kept in repair at his (the lessee's) expense; that any change made in that respect would be a great injury to the lessee.

The foregoing was all the evidence in the cause.

The court rendered judgment for the defendant, to which the plaintiff excepted.

JAMES ROBERTS, for Plaintiff in Error.

A. L. DAVISON, for Defendant in Error.

WALKER, J. This was a suit for rent, commenced before a justice of the peace of Tazewell county, by Chapman, for the use of Wightman, against Nathaniel C. Selby and James McGrew. Service was had on McGrew, and Selby was not found; and on the trial, judgment was rendered against McGrew for $54.27, and costs of suit. The case was taken to the County Court of Tazewell county, where it was tried by the court, by consent, without the intervention of a jury, and a judgment rendered for the defendant, to reverse which, this writ of error is brought. The bill of exceptions shows that plaintiff, on the trial, introduced an agreement between Chapman, of the first part, and Selby, of the other part, dated the 1st day of November, 1856, at the beginning, and on the 11th day of October, 1856, at the conclusion, by which Chapman leased to Selby the hotel known as the Chapman House, in the city of Pekin, for one year, with the privilege of keeping it two years. Chapman bound himself to furnish the hotel with all necessary furniture, beds, bedding, cooking utensils, table ware, carpeting, and all necessary things for carrying on and conducting said hotel, the furniture to be of good and sufficient quality, and by the first day of November, 1856, or as soon thereafter as Selby might need said articles, and to keep the premises and furniture in good repair. ~~McGrew~~ Selby agreed to pay Chapman, as rent, $700 a year, payable monthly. This agreement was signed and sealed by Chapman, Selby, and McGrew as security of Selby. The bill of exceptions further

states, that the agreement " was proved, by defendant, to have been duly assigned to John Wightman, for whose use this suit is brought." Defendant admitted that there was due on the lease the sum of $54, which was unpaid.

The defendant introduced in evidence an agreement between Selby and Wightman, dated January 28th, 1857, which recites that Wightman is assignee of Chapman, of a certain lease, dated November 1st, 1856, in which N. C. Selby is lessee of the City Hotel, in the city of Pekin. By it the parties agree that Selby shall release Wightman from furnishing any more furniture and fixtures for keeping said hotel, and from repairing the same, and Selby was to pay only $500 per year, monthly, as rent, from date of lease ; and that the reduction of $200 a year was made in consideration that Selby was to call for no more furniture, or repairs of what was already furnished. This was objected to as evidence, by plaintiff. The bill of exceptions states, that defendant proved, by three witnesses, that it would be fifty per cent. more profitable to the lessee to rent a hotel at $700 per year, and have the same furnished and kept in repair at the expense of the lessor, than to rent one at $500, and the lessee to furnish it and keep it in repair at his (lessee's) expense, and that any change in that manner would be a great injury to the lessee. This is all the evidence that is material in the decision of this case. We deem it unnecessary to consider the question whether there was such a change of contract between Wightman and Selby as released McGrew, as security, from liability.

It is undoubtedly true, that a surety for the performance of a contract has the right to insist that it shall be strictly executed as entered into by him, and any change in its provisions which will prevent its enforcement in its original form, without his assent, will release him from its performance. But to have that effect in a court of law, the change must be such as will bind the parties holding the legal interest. Such a change made by a stranger to the contract, or by an agreement not binding, would have no such effect.

The indorsement, by the lessor, of a lease to a stranger to the contract undoubtedly passes an equitable title to the assignee, but does not pass such a legal interest as can be recognized by, and enforced in, his name, in a court of law. Such an instrument is not assignable by the common law, and has not been made so by our statute. *Buckmaster* v. *Eddy*, Breese R. 300 ; *Busby* v. *Jones*, 1 Scam. R. 34. Any contract entered into between Wightman and Selby, in regard to the terms of the lease, would not change its legal effect, unless it was binding upon them ; and

any thing short of such a change would not discharge McGrew, as surety, from liability.

It is a principle of the common law, that a parole agreement to vary a contract under seal cannot be plead in a court of law, to defeat a recovery on the original undertaking. Chit. Contracts, 90. And it is equally well settled by the English decisions, and is supported by numerous American cases, that such a variation will not discharge the security from liability. *Ashbee* v. *Pidduck*, 1 M. & W. R. 564; *Davy* v. *Pendegrass*, 5 B. & Ald. R. 187; Addison on Contracts, 444; Chitty on Cont. 423; *Twopenny* v. *Young*, 3 B. & C. R. 210; *Bell* v. *Banks*, 3 Scott N. R. 503; *Bulteel* v. *Jerold*, 8 Price R. 467, affirmed in the House of Lords; *West* v. *Blakeway*, 2 Man. & Gran. R. 729; *Cordevant* v. *Hunt*, 8 Taunt. R. 596; *Sock* v. *The United States*, 3 Mason R. 446; *The United States* v. *Howell*, 4 Wash. C. C. R.; *Sewell* v. *Sparrow*, 16 Mass. R. 26; *Crane* v. *Newell*, 2 Pick. R. 614; *Lewis* v. *Harbin*, 5 B. Monroe R. 564; *Tate* v. *Hymont*, 7 Blackf. R. 240. It is true, that some of the courts in this country, in their anxiety to relieve against hardship in particular cases, have departed from this rule, and administered equitable relief in courts of law. We think such a practice is not warranted, and should not be adopted while the two courts exist as separate jurisdictions; and if tolerated must soon destroy all distinction between them.

The agreement for a change of the terms of this lease was not under seal, while the lease was; and therefore, this agreement did not have the effect to release defendant from his liability on the lease. And the court below, consequently, erred in rendering a judgment in his favor. The judgment of the County Court is reversed, and the cause remanded.

*Judgment reversed.*