ISAAC ALSCHULER

*v.*

HANCHEL SCHIFF.

*Filed at Ottawa November 23, 1896.*

1. CONTRACTS—*under seal cannot be modified by parol.* A sealed executory contract cannot be altered, changed or modified in its terms by a parol agreement.

. 2. SAME—*a sealed contract may be abrogated by parol.* A contract under seal may be abrogated, canceled and surrendered by an executed parol agreement.

3. EVIDENCE—*is admissible to show surrender of sealed contract.* Evidence is admissible to show that a contract under seal has been abrogated, canceled and surrendered by an executed parol contract, but not to change its terms; and the question whether a sealed instrument has been so abrogated is one of fact, for a jury.

4. SAME—*what evidence is sufficient to go to jury on question of surrender of lease.* Evidence that a tenant under a sealed lease, whose landlord, upon application for repairs, said he would "not fix anything" and that the tenant could "move out" if he chose, answered, "All right, I will take another place and move out," to which the landlord replid "All right," is admissible and proper to go to the jury upon the question of surrender, in connection with further evidence that the tenant at once vacated and delivered the keys.

*Alschuler v. Schiff,* 59 Ill. App. 51, reversed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

This was an action brought by appellee, against appellant, to recover rent for the months of February, March and April, 1894, at $68 per month, on a lease under seal, dated April 5, 1893, and expiring April 30, 1894. At the May term, 1894, of the Superior Court of Cook county a trial by jury was had, resulting in a verdict for defendant, appellant here. This verdict was, on motion, set aside and a new trial ordered. On the second trial a jury was impaneled and heard the evidence. Plaintiff offered in evidence the lease under seal, and showed de-

fault in payment of rent for the months named. The defense was an oral surrender of the premises by defendant, accepted by plaintiff. The evidence upon which the surrender rests is given by appellant in his brief, substantially as follows:

On or about the 7th or 8th of January, 1894, the landlord, Schiff, asked for the January rent, 1894, which, by the terms of the lease, was due on the first of January, 1894. The tenant, Alschuler, said to the landlord: "I will pay the rent, but I want you to fix up the place. I am damaged here every day, and I cannot stay here until it is fixed." Schiff said: "I won't fix anything for you. If you don't want to stay here you can move out." The tenant said: "All right; I will take another place and move out," and the landlord replied, "All right." There was supporting testimony coming from the witnesses H. Wolf, William Berkson and O. S. Maser. The tenant at once acted upon the arrangement, procured another place and moved into it. He gave the key of the vacated premises to his book-keeper, Maser, who took it to the house of the landlord, Schiff, leaving it with his wife, who said she was glad to get it. The evidence of Maser showed that Schiff was met the same evening by him, and they had a talk about the keys. Schiff told him he was much obliged to him for bringing them, and he asked the witness to come into a saloon to take something to drink, because he had done him a big favor. At the time of the conversation in which it is alleged the surrender took place, Alschuler called the landlord's attention to the condition of the premises at the time, and told him that his bottles continued to break; that the house was bad for months, and he had repeatedly asked him (the landlord) to fix it but he did not do so. Maser testified on this point, that Alschuler asked Schiff to fix up the place, as bottles were breaking on account of the dilapidated condition of the building. Schiff told him he was not fixing anything; that if he repaired it he would fix it

up for himself; that he wanted possession of the place himself. The appellant testified to having received, a week or two after he moved out, a notice, dated February 1, 1893, signed by the appellee, repudiating authority by his (appellee's) wife to accept the key and refusing to accept a surrender of the lease, and stating that he would hold appellant to the terms thereof.

When the plaintiff had concluded his case by offering the lease in evidence, he rested, without offering any testimony in rebuttal. After the opening statement of defendant's counsel, plaintiff's counsel demurred to the defense based on the evidence as above stated, but the court reserved its decision until the evidence was in. At the close of the evidence the court refused to submit the issues to the jury, but directed the jury to find a verdict for the plaintiff in the sum of $204, which would cover the three months' rent claimed by plaintiff. Judgment was thereupon entered for that amount, and on appeal to the Appellate Court it was affirmed. The case comes to this court on appeal, upon a certificate of importance from that court.

MOSES, PAM & KENNEDY, for appellant:

There may be a parol surrender of a written lease. *Baker* v. *Pratt*, 15 Ill. 568; *Williams* v. *Vanderbilt*, 145 id. 246.

There may be a surrender by an abandonment of the premises by the tenant and an entry into them by the landlord, and an executed agreement to surrender may operate as a surrender. Wood on Landlord and Tenant, sec. 494, pp. 1169-1173.

Execution of a new lease, with the tenant's consent, to another person, who enters thereunder and pays rent, will amount to a surrender. *Stobie* v. *Dills*, 62 Ill. 432.

An agreement, either expressed or inferable from the conduct of the parties, to release the original lessee and accept the new tenant may operate as a surrender. (*Fry* v. *Patridge*, 73 Ill. 51.) So will an actual and continual

change of possession, by the mutual consent of the parties, amount to a surrender by operation of law.   *Dills* v. *Stobie*, 81 Ill. 202.

In *Harms* v. *McCormick*, 30 Ill. App. 125, this court, through Judge Gary, ruled upon a defense of an alleged surrender as a defense to an action for rent.

In *Beidler* v. *Fish*, 14 Ill. App. 29, the court treated of the erroneous theory that if a lease is once executed its subsequent cancellation or destruction, though by the mutual assent of the parties, would not end the term. *Railroad Co.* v. *McMath*, 91 Ill. 104.

The case having been taken from the consideration of the jury upon demurrer to the evidence, no motion for new trial was necessary.   *Smith* v. *Gillett*, 50 Ill. 290.

EDWARD J. WALSH, for appellee:

There cannot be a surrender of an estate in possession to take effect *in futuro*.   *Johnson* v. *Huddleston*, 4 B. & C. 922; *Weatall* v. *Capes*, 1 M. & W. 50; *DocMurrel* v. *Mullivan*, 3 id. 327; *Schiefflin* v. *Carpenter*, 15 Wend. 400.

The leasing, being by an instrument under seal, under the common law and under our law cannot be changed, varied, altered or canceled by a parol agreement.   *Breher* v. *Reese*, 17 Ill. App. 545; *Lewis* v. *Fish*, 40 id. 372; *Equitable Life Ass.* v. *Smith*, 25 id. 471; *Railroad Co.* v. *Railway Co.* 23 id. 531; 137 Ill. 9; *Chapman* v. *McGrew*, 20 id. 101; *Barnett* v. *Barnes*, 73 id. 216; *Loach* v. *Farnum*, 90 id. 368; *Gable case*, 140 id. 269; 152 id. 594; *Hume* v. *Taylor*, 63 id. 43.

If the mere giving of the key, and the declaration of the landlord that he was glad of it, would work a surrender of the premises, then the doctrine which prohibits the changing, the varying or the cancellation of a sealed instrument would be abrogated.   2 Wood on Landlord and Tenant, 1174; *Snyder* v. *Middleton*, 4 Phil. 343; *Ladd* v. *Smith*, 6 Ore. 316; *Thomas* v. *Nelson*, 69 N. Y. 118; *Ogden* v. *Roe*, 3 E. D. Smith, 312; *Dietz* v. *Schmidt*, 27 Ill. App. 114; *Pier* v. *Carr*, 69 Pa. St. 326.

Mr. Justice Phillips delivered the opinion of the. court:

The only question presented for the consideration of this court is, whether the evidence offered by defendant should have been submitted to the jury,—whether the defense relied on, if established, would have authorized the jury to return a verdict in his favor. In other words, the question is whether the surrender of a written lease under seal can be shown by parol testimony. If it can, then the question as to whether there was a surrender of the lease was one of fact, which should have been submitted to the jury.

There can no longer be any contention in this State over the general rule insisted upon by appellee, that a sealed executory contract cannot be altered, changed or modified by parol agreement. This rule of the common law has been adopted by this court and consistently followed in a long line of unbroken authorities. (*Chapman* v. *McGrew*, 20 Ill. 101; *Hume Bros.* v. *Taylor*, 63 id. 43; *Barnett* v. *Barnes*, 73 id. 216; *Loach* v. *Farnum*, 90 id. 368; *Goldsborough* v. *Gable*, 140 id. 269.) One good reason for such a rule is, that a party will not be permitted to enforce a contract, or the opposite party to defeat its enforcement, by relying on a contract part of which is in writing under seal and part a parol agreement. The defense offered to be set up on this case, however, was not to change, alter or modify the terms of a lease under seal, but to establish by parol testimony that such contract or lease had been canceled and surrendered by agreement of the parties thereto, and that such contract was no longer in existence for any purpose.

In all the cases above cited, and in other similar authorities of this court, it will be found that it has been held an executory contract under seal cannot continue to remain in force with one element or provision altered or changed by an oral agreement. Where such a contract

is to be considered and its enforcement sought, the court will not go beyond the instrument to inquire whether any of its terms have been changed by oral agreement. A distinction, however, must be drawn between contracts of this character, which are relied on as being in force with some provision alleged to have been changed by an oral agreement, and those which it is insisted, in defense, have been absolutely abrogated and surrendered by parol agreement of the parties thereto. A defendant might, by parol proof, show, in an action against him on a contract or lease under seal, that he had made full payment of all amounts due, and thus was discharged. He might also, by parol testimony, show an eviction where there was no default by him in his lease, and thus a discharge. We know of no good reason why he may not also show, by parol proof, that by agreement between the landlord and himself he has been released from the terms and obligations of the lease, and has, in pursuance thereof, surrendered possession of the premises to the landlord. In *Baker* v. *Pratt*, 15 Ill. 568, it was held by this court that parol proof as to the surrender of a lease under seal was admissible. The same doctrine was adhered to in *White* v. *Walker*, 31 Ill. 422. A parol surrender has been held sufficient in *Allen* v. *Jaquish*, 21 Wend. 628. It was said by BIGELOW, J., in *Talbot* v. *Whipple*, 14 Allen, 177, that the rule of law, as now settled by the recently adjudicated cases, is, that any acts which are equivalent to an agreement on the part of the tenant to abandon, and on the part of the landlord to resume, possession of the demised premises, amount to a surrender by operation of law. In *Harms* v. *McCormick*, 30 Ill. App. 125, it was said by the court: "Whether there had been an agreement for a surrender or not, the jury were to decide upon parol evidence. There is no statute of frauds in this State re quiring surrender to be in writing. It was for the jury to determine, upon the conflicting testimony, what was the effect, and that is an end of the controversy."

We hold it to be the law of this State, that where it is not sought to alter or change the terms of a contract under seal, still leaving it in force, but where the object is to show that such instrument has been abrogated, canceled and surrendered, the question is one of fact for a jury, and evidence thereon is admissible. In the present case we do not pass upon or determine whether or not the evidence offered by defendant was sufficient to sustain his defense. That is not our province. We do hold, however, that such evidence tending to show a surrender and acceptance should have been submitted to the jury, and it was a question of fact for the jury to determine if there was an executed agreement for the surrender of the lease. *Williams* v. *Vanderbilt*, 145 Ill. 238.

It was error in the trial court to strike out defendant's evidence and to instruct the jury to find for the plaintiff, and the judgment of the Appellate Court affirming the judgment of the Superior Court is reversed and the cause remanded.                    *Reversed and remanded.*