## Charles J. F. Kraft v. William A. Starin.

1. SEALED INSTRUMENTS—*Not to be Changed by Parol.*—A sealed executory contract can not be altered, changed or modified by parol agreement.
2. SAME—*Waiver of Conditions.*—The provisions of an instrument under seal can not be waived by a parol agreement.
3. SAME—*Equitable Estoppel.*—The doctrine of equitable estoppel can not be applied at law to enforce a change in a sealed executory contract by parol.

Assumpsit, to recover damages for breach of a contract to convey land. Error to the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the October term, 1897. Reversed. Opinion filed February 14, 1898.

HALEY & O'DONNEL, attorneys for plaintiff in error.

A parol agreement to accept a less amount than that provided by the terms of a sealed instrument may be repudiated at any time before it is fully executed. McKenzie et al. v. Harrison et al., 8 L. R. A. 257.

A verbal promise by a tenant to pay rent in a different manner from that fixed by the terms of a written lease is void. Hasbrouck v. Winkler, 48 N. J. L. 431. Nightingale v. McGinnis, 5 Vroom (N. J.), 461; Conover v. Stillwell, 5 Vroom (N. J.), 54.

It is a well settled rule of the common law, that an executory contract under seal can not be modified or varied by a parol agreement.

An executory agreement in writing without any new consideration to reduce the rents secured to be paid by a lease is a mere *nudum pactum* and not binding on the lessor. This is the rule where the instrument is of such a nature as is not required by law to be under seal, and the contract modifying the same is in writing. Loach v. Farnum, 90 Ill. 368. Chapman v. McGrew, 20 Ill. 101.

An executory contract under seal can not be changed by a parol agreement. Barnett v. Barnes, 73 Ill. 216.

Whatever departures may have been made from the above rule in other States, it is well settled in Illinois that a contract under seal whether of such a nature as to require a seal or not, can not be varied or modified by a parol contract as long as it remains executory. I. C. R. R. Co. v. B. & O. R. R. Co., 23 Ill. App. 531; B. & O. R. R. v. I. C. R. R., 137 Ill. 9.

A new and additional agreement, whether it be a substitute for the old, or in addition to or beyond it, must be upon a new consideration. Equitable Life Ass'n v. Smith, 25 Ill. App. 471.

The long line of authorities expressing the rule that a contract under seal can not be modified by a parol agreement are cited with approval by our Supreme Court in its latest decisions upon that subject. Street R. R. Co. v. Morrison, Etc., Co., 160 Ill. 288; Leavitt v. Stern, 159 Ill. 526.

WILLIAMS, HOLT & WHEELER, attorneys for defendant in error.

Contended that in Illinois parol evidence is admissible to show a variation or modification of an executory contract under seal, by an executed parol agreement. Worrell v. Forsyth, 141 Ill. 22 (1892); Moses v. Loomis, 156 Ill. 392 (1895); Leavitt v. Stern, 159 Ill. 526, p. 532; Longfellow v. Moore, 102 Ill. 289; Loach v. Farnum, 90 Ill. 368, p. 370; Cooke v. Murphy, 70 Ill. 96; White v. Walker, 31 Ill. 422; Baker v. Pratt, 15 Ill. 568; Williams v. Vanderbilt, 145 Ill. 238; Dills v. Stobie, 81 Ill. 202; Davis v. People, 6 Ill. 409; Ryan v. Kirchberg, 17 Ill. App. 132; Baker v. Whiteside, Breese, 174.

The same doctrine is well established at common law. United States Supreme Court: Canal Co. v. Ray, 101 U. S. 522, 527. New York: McKenzie v.

Harrison, 120 N. Y. 260; Fleming v. Gilbert, 3 Johns. 528; Dearborn v. Cross, 7 Cowen, 48.  Massachusetts: Munroe v. Perkins, 9 Pick. 298; Hastings v. Lovejoy, 140 Mass. 261; Mill, D. F. v. Hovey, 21 Pick. 417. Alabama:  Deshazo v. Lewis, 5 Stew. and Port. 91. Pennsylvania:  LeFevre v. LeFevre, 4 Serg. and R. 241, 245; McGrann v. N. L. R. R., 29 Pa. St. 82. England:  Hotham v. E. I. Co., 1 T. R. 638; Webster v. Bannister, Doug. 393; Jones v. Barkley, Doug. 684; Ratcliff v. Pemberton, 1 Esp. 35; 1 Greenl. Ev., Sec. 303; 2 Phill. Ev. (5 Am. Ed. star pp.) 692, 694, note 505.

Rights arising under sealed instruments may be waived by parol.  Moses v. Loomis, 156 Ill. 392, 395; Canal Co. v. Ray, 101 U. S. 522, 527; 1 Greenl. Ev. Sec. 303; Fleming v. Gilbert, 3 Johns. 528.

The legal import of a sealed instrument can not be varied by parol, but other facts recited in them may be.  Kimball v. Walker, 30 Ill. 511.

Any party has a right to waive a strict compliance with the terms of the contract.  Vroman v. Darrow, 40 Ill. 171; Defenbaugh v. Weaver, 87 Ill. 132; Fisher v. Smith, 48 Ill. 184.

Were no consideration present, this waiver having been acted upon, estoppel arises, and no consideration is necessary.  Worrell v. Forsyth, 141 Ill. 22, 30; White v. Walker, 31 Ill. 422, 437; McKenzie v. Harrison, 120 N. Y. 260, 264; Moses v. Loomis, 156 Ill. 392.

Mr. Justice Sears delivered the opinion of the Court.

Plaintiff in error, on December 15, 1890, gave defendant in error an option in writing, and under seal, for the purchase, within a certain time, at a fixed price per acre, of the fractional one-half of a fractional

quarter section of land. It was provided by the terms of the option that the tract, estimated to contain forty-five acres, should be surveyed to determine its precise quantity. The provision was as follows: "The precise quantity of land in said estimated tract to be ascertained by an accurate survey of the same, the expense of said survey to be borne by the said Wm. A. Starin." The purchase price was named as $325 per acre; and the time limited within which the offer might be accepted by defendant in error was until the first day of March following the date of the writing.

Neither of the parties had any survey made prior to the first day of March, and hence there was no offer by defendant in error to comply with the terms of the option as based upon any ascertainment of the number of acres by such a survey. But on February 26, preceding the first of March named, defendant in error undertook to accept the offer which was contained in the option, by making a tender upon the basis of an acreage of forty-five acres only. This was refused by plaintiff in error.

This suit was brought by defendant in error for a breach of the contract. Upon the trial, defendant in error testified that there had been an oral modification of the option agreed upon by the parties in the month of January preceding the expiration of the option, by which it was agreed to accept, in lieu of an ascertainment by survey, a fixed estimate of forty-five acres as the contents of the tract.

Plaintiff in error testified that no such oral agreement was made.

The testimony of defendant in error upon a former trial, involving a specific performance of this same agreement, was not consistent with his testimony in this behalf, as here given, and was calculated to support the testimony of plaintiff in error.

A survey made some years later and before the trial, showed the tract to contain more than fifty acres.

Upon the trial, the jury found the issues for defendant in error, plaintiff below.

The question of law presented, the determination of which, as we think, disposes of the case here, is as to whether this instrument under seal, could be modified by parol so as to change it from an undertaking to sell a number of acres, to be ascertained by survey, at $325 per acre, into an undertaking to sell the fractional one-half of the fractional one-fourth section at a price equal to forty-five times $325, irrespective of actual acreage.

We think it clear, that under the rule obtaining in this State, no such modification of a sealed executory contract could be effected by parol. The common law rule as to the respect and weight to be accorded an instrument under seal, is very differently applied in different States. In some jurisdictions, a sealed instrument has come to be measured very much as any contract in writing, and hence is subjected there to no especial qualification as to its modification by parol. Not so, however, in this State. Among the latest expressions of our Supreme Court upon this subject is the language of the decision in Alschuler v. Schiff, 164 Ill. 298, wherein the court say: "There can no longer be any contention in this State over the general rule * * * that a sealed executory contract can not be altered, changed or modified by parol agreement. This rule of the common law has been adopted by this court and consistently followed in a long line of unbroken authorities. * * * In all the cases above cited, and in other similar authorities of this court, it will be found that it has been held an executory contract under seal can not continue to remain in force with one element or provision altered or changed by an oral agreement. When such a contact is to be considered and

its enforcement sought, the court will not go beyond the instrument to inquire whether any of its terms have been changed by oral agreement," citing: Chapman v. McGrew, 20 Ill. 101; Hume Bros. v. Taylor, 63 Id. 43; Barnett v. Barnes, 73 Id. 216; Loach v. Farnum, 90 Id. 368.

It can not be maintained, as is argued by counsel, that the parol agreement to substitute the fixed amount of forty-five acres for the actual amount to be ascertained by survey, was an executed parol agreement. The entire agreement, which is set up by defendant in error as the basis of his suit, is partly under seal and partly by parol, and altogether executory; and that it has never been executed, either as to the provisions under seal or the provision by parol, is determined by the fact that a tender of performance in accordance with the parol provision on the one side, and a refusal to so perform on the other, constitute the grounds of the suit.

But it is contended by counsel for defendant in error that where by parol a condition of a sealed instrument is waived, and the parties act, or fail to act, because of such waiver, the doctrine of estoppel will preclude a denial of the effect of the parol agreement, and in support of this contention they cite White v. Walker, 31 Ill. 422; Vroman v. Darrow, 40 Id. 171; Fisher v. Smith, 48 Id. 184; Defenbaugh v. Weaver, 87 Id. 132; Worrell v. Forsyth, 141 Id. 22; Moses v. Loomis, 156 Id. 392.

In Worrell v. Forsyth, the parol agreement had been fully executed. In each of the other cases it will be found, upon examination, that the facts constituted a waiver of the terms or conditions in question, which waiver was in the nature of a release, surrender or discharge, and hence would come under the rule here

obtaining, that a contract under seal may be released, surrendered or discharged by matters *in pais*.  No one of these decisions announces that any such parol waiver of a condition could operate to introduce any new element into the sealed contract, so that thereby a new executory contract would be created, which would depend partly upon the conditions under seal and partly upon the conditions by parol, for its enforcement.  Whether the contention of counsel be presented as a proposition that waiver by parol may be effected, where the waiver amounts to release or discharge only, or as invoking the doctrine of equitable estoppel, it is in either case, as we view it, equally inapplicable to the facts here.

The attempted modification here can not be treated merely as an abrogation, surrender or release by parol of a condition of the sealed instrument.  There is not here the mere subtraction of an element or condition of the sealed contract, without changing its import, but on the contrary, there is the attempted substitution of new matter, which is essential to sustain the right of action.

The parol agreement must operate, if at all, not only to waive the agreement to sell a number of acres to be ascertained by survey, at a fixed price per acre, but as well to substitute therefor an agreement to sell a larger number of acres at a smaller price per acre.

Nor can we concede that the doctrine of equitable estoppel may be applied at law to enforce such a change by parol in a sealed executory contract.

We regard the parol agreement, sought to be made a part of this executory contract under seal, as insufficient, if established, to support this suit for breach of it.  This determination disposes of all questions arising on this writ of error.

The judgment is reversed.