## J. C. Winship Company v. Joseph Wineman.

77    161
97    2330

1. RECOUPMENT—*Is in the Nature of a Cross-Action.*—Recoupment is
in the nature of a cross-action. In order to sustain such a defense, a
defendant is subject to the same requirements, in respect to evidence,
to which he would have been subject had he brought a distinct action
against the plaintiff to recover for the same matter.

2. CONTRACTS—*Under Seal—Not to be Changed by Parol.*—A sealed
executory contract can not be altered, changed or modified by parol
agreement. This rule of the common law has been adopted by this
court and consistently followed in a long line of unbroken authorities.

Assumpsit, on two checks. Trial in the Circuit Court of Cook
County; the Hon. FRANK BAKER, Judge, presiding. Verdict and judg-
ment for plaintiff. Appeal by defendant. Heard in the Branch Appel-

late Court of the First District, at the March term, 1898. Affirmed. Opinion filed May 31, 1898.

W. N. GEMMILL, attorney for appellant.

DUPEE, JUDAH, WILLARD & WOLF, attorneys for appellee.

MR. JUSTICE HORTON delivered the opinion of the court.

This suit was brought to recover upon two checks given by the appellant to appellee. The cause was tried by a jury, who were instructed by the court to return a verdict for the balance due upon said checks, which was done, and judgment entered thereon. With the declaration there was filed an affidavit in which it was stated that the demand of plaintiff below was for money due and owing from defendant below upon its two certain checks, describing them.

The defendant below filed the general issue, verified, and a notice of recoupment. The notice is that upon the trial of said cause the defendant would prove that the suit was on checks given by the corporation to appellee for rent under a lease signed by J. C. Winship (the individual); that at the time the checks were given, appellee owed Winship, under the terms of the lease, for damages growing out of the leasing of the premises, which appellee refused to allow Winship, caused through leakage from the roof occupied by Winship, which roof was negligently allowed to remain out of repair and in bad condition by appellee, and the water, coming through the same, damaged a large number of belts used in the building occupied by Winship, practically destroying the same and causing great annoyance and delay, the value of the belts amounting to nearly $200; that likewise because of delay so caused by shutting down the business of Winship for a long time, Winship was otherwise injured in loss of business and other ways to an additional amount of $500, and that appellee had often promised to pay the defendant for the injury sustained through the leakage and the damage thereby occasioned, but that it has neglected and at last declined absolutely to pay defendant anything whatsoever, and defendant asks to recoup whatever damages it or Winship had sustained.

. Recoupment is in the nature of a cross-action. In order to sustain such a defense, the defendant below "was subject to the same requirements, in respect to evidence, to which it would have been subject had it brought a distinct action against the plaintiff, as its landlord, to recover for the same injury." Mendel v. Fink, 8 Ill. App. 381.

In the case at bar the lease offered in evidence is from the ancestor of appellee to J. C. Winship personally. Said Winship is not a party to this suit. Appellant occupied a part only of the premises leased to said Winship. What the agreement was between Winship and the appellant is not shown. We do not see any theory upon which appellant could have recovered from appellee for damages claimed by said notice to have been suffered by J. C. Winship personally.

Appellant sought at the trial to prove by said Winship, as a witness, the making of a parol agreement between said Winship and the ancestor of appellee, changing the terms of said lease. The court below very properly excluded such testimony. The ancestor of appellee, through whom he claims, being deceased, said Winship was not a competent witness by whom to prove such an agreement.

And the testimony offered was not admissible even if the witness had been competent. It was an effort to alter a sealed executory contract by a parol agreement. In Alschuler v. Schiff, 164 Ill. 298, the rule is very clearly stated thus (p. 302):

" There can no longer be any contention in this State over the general rule insisted upon by appellee, that a sealed executory contract can not be altered, changed or modified by parol agreement. This rule of the common law has been adopted by this court and consistently followed in a long line of unbroken authorities. Chapman v. McGrew, 20 Ill. 101; Hume Bros. v. Taylor, 63 Id. 43; Barnett v. Barnes, 73 Id. 216; Loach v. Farnum, 90 Id. 368; Goldsborough v. Gable, 140 Id. 269. One good reason for such a rule is, that a party will not be permitted to enforce a contract, or the opposite party to defeat its enforcement, by rely-

ing on a contract, part of which is in writing under seal, and part a parol agreement."

It is held in that case 'also that such a contract may be canceled and surrendered by parol agreement. But that is not what was sought to be done in the court below.

At the trial there was no testimony and no offer of any testimony tending to show that appellant had suffered any damage in any manner. A question was propounded to the witness Winship as to whether there had been any damage to his goods and premises by virtue of the leakage, or from any other cause. It is in this case, as between the parties thereto and under the pleadings, immaterial what damage, if any, Mr. Winship may have suffered. If any damage to his goods was caused by leakage of the roof, he could not recover therefor under the provisions of his lease. Neither is the question limited to damages such as might, under any circumstances, be charged to appellee. The question is too broad and too indefinite, and was not proper under any aspect of the case.

The judgment of the Circuit Court is affirmed.