## Henry L. Frank and Joseph G. Snydacker, Executors and Trustees, v. Michael C. McDonald.

1. LEASE—*Of Premises for Gambling Purposes.*—It is not enough to defeat a lease that the lessee intended to use the premises for gambling purposes, and that the lessor knew that he " wanted " to do so.

2. SAME—*Under Seal, Not to be Changed by Parol.*—A sealed executory contract can not be altered or modified by a parol agreement, and

when the plaintiff relies upon a contract, part of which is in writing and part a parol agreement, it can not be enforced, and evidence tending to change or modify the written agreement is not admissible.

**Action for Rent.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1898. Reversed and remanded. Opinion filed January 2, 1900.

MORAN, KRAUS & MAYER, attorneys for appellants.

LAWRENCE P. BOYLE and WALTER A. BRENDECKE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

This suit was brought by appellants to recover from appellee as guarantor upon a written lease. Appellants were lessors and one Charles Williams is named in the instrument as lessee. The guarantee upon the back of the lease is as follows:

" For value received, I hereby guarantee the payment of the rent and the performance of the covenants by the party of the second part in the within lease, covenanted and agreed, in manner and form, as in said lease provided. Witness my hand and seal the 28th day of April, A. D. 1893.
        (Signed)        M. C. McDONALD.   [SEAL]."

A separate guaranty also upon the back of the lease, and identical in its wording with the preceding, is signed as follows:

" John McGillen, [Seal].    John McGillen, Chairman of Cook Co. Dem. Cen. Committee, [Seal]."

The suit was defended upon the ground, first, that it is alleged the lease was actually made to and intended for the said Williams, and guaranteed for him, but possession thereunder was actually given to, and rent accepted from, the Democratic Central Committee, to the wrongful exclusion of Williams; and second, that the lease was made to Williams for gambling purposes, and therefore no recovery could be had thereon.

It is contended on the part of appellants that Williams

was in fact a mere figurehead, in whose name the lease was taken for the committee, at the instance of appellee, who, it is claimed, negotiated and guaranteed the lease, understanding perfectly the exact situation in this respect. It is also claimed that McGillen, as president of the committee, likewise guaranteed the lease with the same knowledge and for the same purpose. A jury returned a verdict in favor of appellee.

It is the contention of appellants that the judgment is contrary to the evidence, that the court should have directed a verdict in favor of appellants as requested, and that there was error in giving and refusing instructions. The evidence is irreconcilably contradictory. It might be entertaining to review the various criticisms made upon the testimony and some of the testimony itself, but it would scarcely be instructive; and in view of the conclusion we are compelled to reach, we must refrain from comments upon the testimony which might prejudice a new trial.

The following instruction was requested by appellants, but refused, and the refusal of the court to so instruct the jury is urged as error:

"If you believe from the evidence that all the parties to the lease here sued on, at the time of its execution by them, intended and agreed that it should be a lease for the Democratic Central Committee, and that such committee should occupy the premises described in said lease during the term thereof, and that pursuant to such agreement said committee did occupy said premises during said term, then the court instructs you that it is your duty to find a verdict in favor of the plaintiffs unless you believe, from a preponderance of all the evidence, not only that Williams, at the time said lease was made, intended to put the premises to a use forbidden by law, but also that the plaintiffs, in making the said lease, knew of the said illegal intent on the part of Williams, and the law casts the burden upon the defendant, McDonald, to prove such intent and knowledge."

It is said that this instruction should have been given, and that it is proper to show by oral evidence that the lease was made for the benefit of a person other than the lessee. 1 Wood on Landlord and Tenant, par. 300, p. 365.

It is, however, claimed by appellants that the question involved in this case is not as to the right to sue the committee as a principal; that Williams, the lessor named, is liable as principal, but that it is proper to show that he executed the lease with the intention, purpose and agreement that the premises should be occupied as they were by the committee, and that the occupation and use of said premises by the committee was not a wrongful exclusion of Williams, but in fact his own act, having been done by and with his consent and the consent of all parties, including appellee as guarantor. The defense of appellee to this, as stated by his counsel in their brief, is that "after having accepted rent from the committee without Williams' consent and over his protests, as the proof clearly shows, that they, the appellants, are estopped from claiming rent from Williams or from the defendant, who guaranteed the lease in behalf of Williams." This contention raises a distinct issue of fact, whether appellants did or did not "accept rent from the committee without Williams' consent and over his protests;" whether, in other words, Williams was wrongfully excluded or whether such occupation and payment of rent by the committee was with Williams' express consent, intention and agreement, and that of the guarantor. Proof was submitted by both sides on this issue, and it is apparently sought to be covered by the first part of the refused instruction.

It is undoubtedly true, as claimed by appellee's counsel, that "a sealed executory contract can not be altered, changed or modified by parol agreement." If it be true that appellants are relying on a contract in this case, part of which is in writing and part a parol agreement, then it can not be enforced, and evidence tending to change or modify the written agreement is not admissible. Alschuler v. Schiff, 164 Ill. 298–302. But proof tending to show that Williams, the lessee, himself let in the committee and authorized acceptance of rent by appellants from the committee, as and for himself, would not be inadmissible.

The language of the instruction asked for is at least am-

biguous in that respect and was, we think, properly refused. The lease is not by its terms made *to* the Democratic Central Committee, and evidence that it was so intended and agreed would tend to prove a new and different parol agreement and could not be considered by the jury. The clause in the instruction "that it should be a lease *for* the Democratic Central Committee" is capable of about the same interpretation and is at least open to criticism from ambiguity. Evidence that all parties, including the lessee, Williams, agreed that Williams could and would let in the committee to use the premises and pay the rent for him, might make a different case; at least it would not be ambiguous.

The third instruction given for the appellee is as follows:

"The court instructs the jury that although the lease sued on may contain express covenants against using the premises for gambling purposes, still if you believe from the evidence that the lessee, Williams, intended to use them for that purpose, and the plaintiffs knew at and before the time of the execution of the lease said Williams wanted or intended to use the premises for gambling, then the plaintiffs can not recover, and you should find for the defendant."

This instruction is fatally defective, and its defense is not attempted by counsel for appellee. It is not enough to defeat the lease that Williams should have intended to use the premises for gambling purposes, and that appellants knew that he "*wanted*" to do so. Appellants might have known that Williams intended to so use the premises, and for the purpose of preventing him from carrying out such intention inserted the express covenants against it and intended to enforce them, and told him so. The question at issue here is not what Williams "wanted," but whether in fact the premises were rented to Williams to be used for gambling purposes.

For the error in giving this instruction the judgment of the Circuit Court must be reversed and the cause remanded.