### John L. Jones & Co. v. Mrs. Olive Chamberlain.

1. Contracts—*Not to be Varied by Contemporaneous Parol Statements.*—The terms of a written contract can not be varied by contemporaneous oral statements, nor can the conditions of a sealed instrument be changed by subsequent unexecuted parol agreements.

2. Same—*Agreements to Extend the Time of Payments—Consideration.*—An agreement to extend the time of a payment without a consideration for it, is not binding upon the parties.

Replevin.—Appeal from the City Court of East St. Louis; the Hon. Silas Cook, Judge, presiding. Heard in this court at the February term, 1901. Reversed and remanded. Opinion filed September 4, 1901.

Alexander Flannigen, attorney for appellant.

Wm. P. Launtz, attorney for appellee.

Mr. Justice Worthington delivered the opinion of the court.

This is an action of replevin to recover certain articles of household furniture, bought of appellant, who sold furniture upon the installment plan. It was first tried before a justice of the peace, where a judgment was rendered for appellee. From this judgment an appeal was taken by appellant to the City Court of East St. Louis, where a verdict was returned for appellee, upon which judgment for costs was entered against appellant, and the property replevied ordered returned to appellee. From this judgment appellant appeals. Appellant sold to appellee certain articles of furniture, taking her note, as follows:

" East St. Louis, Feb. 4, 1900.

Nine months after date, I promise to pay to the order of John L. Jones & Co., fifty-three dollars, for value received, with interest from maturity at 6 per cent per annum until paid, payable in monthly installments of $6.

Olive Chamberlain."

This note was secured by a chattel mortgage upon the furniture bought, which provided that until default was made in paying the monthly installments of $6, appellee might retain possession of the furniture for two years, unless appellant should elect to take possession sooner. It further provided that if said furniture should be attached, levied on by execution, wasted, or removed out of the county, or attempted to be sold by the mortgagor, that the mortgagee might take immediate possession and sell the property at public or private sale.

It is not claimed that any of these latter provisions were violated, the claim of appellant to the possession being based upon the alleged default of appellee to make the monthly payments specified in the mortgage.

Appellee paid on said furniture $26.50, as follows: February 20th, $5; February 27th, $1; March 20th, $2; May 1st,

$5; June 26th, $2.50; September 2d, $5; October 20th, $-; November 27th, $2; leaving a balance due of $26.50 when this suit in replevin was commenced.

Appellee testified: " They always took the amount I paid and said it was all right. They said that in case of sickness, or my husband was out of work, they would wait until we could make the payments. That was at the time I bought the furniture."

To this testimony appellant objected, and the objection was sustained by the court, and the jury directed to disregard the testimony.

Appellee further testified: " I was paying just as I could, and these payments were satisfactory. I paid $3 and sometimes $2—different amounts; it was all right."

To this testimony objection was made and sustained.

There was no error in sustaining these objections. The contract was a written contract, and the mortgage an instrument under seal. The terms of the contract could not be varied by contemporaneous parol statements, nor the conditions of the sealed instrument changed by subsequent unexecuted parol agreements. Weaver v. Fries, 85 Ill. 356; Alschuler v. Schiff, 164 Ill. 298; Goldsborough v. Gable, 140 Ill. 269; J. C. Winship Co. v. Wineman, 77 Ill. App. 161.

Cooke v. Murphy et al., 70 Ill. 96, is cited by appellee as authority for changing the terms of a sealed contract by subsequent parol agreement. An examination of the authority shows that one of the parties a few days after the execution of the contract, claimed that there was in it a mistake of $500 in the amount of the consideration to be paid, and that this was not denied by the other party, who then promised to pay this $500. This was not, then, an authority for changing by parol the terms of a contract under seal, because by tacit agreement at least, the contract as written did not contain the terms of the contract as agreed upon.

Bishop v. Busse, 69 Ill. 403, also above cited, was not a contract under seal.

Worrell v. Forsyth, 141 Ill. 22, cited by appellee, does not

hold that an unexecuted parol agreement can vary a contract under seal. In this case, the parol agreement was executed, and the party objecting was held to be equitably estopped thereby.

Nor were agreements to extend the time of payments, if made, binding upon appellant, for the reason that no consideration for such extension is shown. Weaver v. Fries, 85 Ill. 356; Heenan v. Howard, 81 Ill. App. 633.

It follows from these authorities, that the modification by the court of appellant's second instruction was error. The instruction as asked was as follows :

" The court instructs the jury that if you believe from the evidence that the defendant executed the note and chattel mortgage in evidence, and that she has made default in the payment of the money as provided in the mortgage, and that the plaintiff, before the commencement of this suit, made demand for the possession of the property described in the mortgage, which was refused, then the plaintiff would have the right to seize said property by writ of replevin, and sell the same at public or private sale, and out of the proceeds of the sale pay and satisfy the balance due them on said note and chattel mortgage and render the surplus, if any, to the defendant."

The court refused to give the instruction as asked, but gave the same adding thereto the following words :

" Unless you believe from the evidence that the conditions and terms in the mortgage were changed by agreement of parties thereto."

There was no competent evidence introduced to warrant this addition to the instruction, as an unexecuted parol agreement can not change the terms of a contract under seal.

For the same reason it was error to give the first and seventh instructions given for appellee.

Two witnesses testified for appellant that a demand was made before suit was brought. Appellee denied that any demand was made. If the case turned alone upon this issue, the verdict of the jury would be held conclusive. But when palpable error, that may have been prejudicial, is found in another branch of the case, the court can not

assume that the finding of the jury turned upon a disputed question of fact.

The claim that appellant could not, by due process of law, take possession under the mortgage for default in payment, is not sustained. By the terms of the mortgage, appellee was only entitled to possession by complying with the conditions of the mortgage, one of which was the payment of the monthly installments as they fell due. While the amount involved in this case is small, and sympathy appeals for appellee, the law must be administered as if conditions were different. Judgment is therefore reversed and the cause remanded.