LOUISA BRETTMANN

*v.*

FREDERICK J. T. FISCHER *et al.*

*Opinion filed June 23, 1905.*

1. LIMITATIONS—*possession must be adverse in order to give rise to rights.* Possession of land for twenty years, in order to give rise to rights under the Statute of Limitations, must have been adverse, and not upon invitation and with the consent of the owner of the legal title.

2. REAL PROPERTY—*when contract does not convey land.* A contract whereby the owner of land agrees to give to his daughter the income of the land, after deducting repairs and taxes, from and after the year succeeding the date of the contract, provided he did not get into circumstances where he would need the income himself, which contract provided the owner should not pay the deficiency if the tenant did not pay the rent, does not convey the land itself.

3. CONTRACTS—*a sealed contract may be surrendered by parol agreement.* An executory sealed contract cannot be altered, modified or changed by parol agreement, but it may be surrendered and canceled by an executed parol agreement.

APPEAL from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

W. P. THORNTON, for appellant.

H. H. GOODRICH, and W. H. FISCHER, for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

Charlotte Franzen, a distracted person, widow of Bernhard H. Franzen, by her next friend, who was afterward appointed her conservator, filed her bill in the circuit court of Cook county to quiet the title to a farm of about one hundred acres in which she claimed a life estate under the will of her husband, and to remove as a cloud upon such title a notice filed of record by appellant, Louisa Brettmann, her daughter, claiming to own the land. Appellant filed a cross-

bill claiming ownership of the farm, and to remove clouds from the title and compel the heirs and devisees of her father, Bernhard H. Franzen, to make a conveyance to her in accordance with an alleged verbal agreement of her father. Issues were formed and the cause was referred to a master, but during the litigation Charlotte Franzen died, and the life estate claimed by her having come to an end the parties agreed that the cause should be heard on the amended cross-bill of the appellant. The master in chancery reported the evidence, with his conclusion that the cross-bill should be dismissed. Exceptions to his report were overruled and a decree was entered dismissing the original bill because the estate of Charlotte Franzen terminated at her death, and also dismissing the cross-bill. One-half of the costs of the suit were decreed against the appellant, and from the decree she took this appeal.

In 1870 the appellant, Louisa Brettmann, with her husband, lived on a farm which they owned in Jackson county, Iowa. Her father, Bernhard H. Franzen, lived near Chicago and was the owner of lands in Cook county, including the farm in question. He sent word to appellant that if they liked it better here they should come back from Iowa and go on the farm, and that he could not rent it out and could not work it. The appellant, with her family, returned to Cook county in the fall of 1870 and settled on this land, and she remained in possession of it until November 1, 1891, having the use of the farm and making improvements on it. No agreement between the parties as to the title was proved, although Mr. Franzen frequently stated to other parties that the land was to be appellant's and she was to have it after his death. He had another tract of about the same number of acres, and said that he wanted to give the farms to his daughters, the appellant and Caroline Finke, and they were to have them after he died. No doubt he intended, as he stated, that the land occupied by appellant should be hers after his death and that Caroline Finke should have the other

tract, but there was no contract to that effect. During the year 1878 appellant borrowed $1500 from her father and gave her note for the same, on which she paid interest up to 1889, but the note was never paid. With that money, and perhaps as great an amount of her own, she made improvements on the premises.

It is first claimed that appellant acquired title to the land by adverse possession for more than twenty years. She was in possession for that length of time, but her possession was not adverse and was in pursuance of the invitation of her father to come back from Iowa and settle on the land. He gave her the possession and let her have money to make improvements, and her possession was permissive and not adverse. If she had any right to the land it could only be by enforcing some agreement made with her father, and no agreement was proved. The question, however, whether there was any agreement or what its terms were is now of no importance because of the subsequent agreement hereinafter stated.

On November 1, 1891, appellant left the farm and moved with her family to Chicago, and her father then took possession of the land and rented it. Ill-feeling arose between the appellant and her father concerning the matter, and in the spring of 1892 she brought a forcible detainer suit against his tenant and obtained a judgment before a justice of the peace. An appeal was taken to the circuit court, and while the appeal was pending Mr. Franzen executed a warranty deed for the land to the appellant's brother, and the brother shortly afterward executed a re-conveyance to Mr. Franzen. No consideration was paid for either and the conveyance to the son was not *bona fide*. During the pendency of the forcible detainer suit Mr. Franzen made his will, in which he gave to his wife, Charlotte Franzen, a life estate in all his property, and bequeathed $9000 to his daughter Caroline Finke, $7000 to appellant, and $4000, in eight annual payments, to a grand-daughter. The residue of the estate he

directed to be divided between his son, H. August Franzen, and his three daughters, including the appellant. While the appeal was pending appellant and her father entered into a written agreement in regard to the land, as follows:

"This indenture, made this 29th day of September, 1894, between B. H. Franzen, of Addison, DuPage county, Illinois, and his daughter, Louisa Brettmann, of the city of Chicago, of the second part:

"*Witnesseth,* That in order to smoothen out the feud existing between them, B. H. Franzen, of the first part, gives to said Louisa Brettmann, his daughter, the income or rent of the north ninety-seven acres of his farm in the town of Leyden after deducting all expenses, as repairing, taxes, etc., from and after the year 1895, provided the said party of the first part does not get into circumstances that he will have to use the said rent for his own sustainance, or if the tenant on said premises should get into circumstances that he cannot pay the rent for said farm as contracted the first party shall not be held to pay the deficiency, Louisa Brettmann, the second party, agreeing to have the suit between her and Henry Bartels, tenant on said place, and now on the circuit court calendar of Cook county, dismissed, the costs that have accrued in said cause to be paid equally by both contesting parties.

B. H. FRANZEN,      (Seal.)<br>LOUISA BRETTMANN."

Counsel agree that when the contract was executed any previous agreement concerning the rights of the parties in the land was merged in it, but they do not agree as to the effect of it. The contract was surrendered to Mr. Franzen in a subsequent settlement, but appellant insists that it operated as a conveyance of the fee of the land, and that a subsequent surrender and cancellation of the contract did not operate to re-vest the title in Mr. Franzen. The argument is, that an instrument which conveys the rents, issues and profits of land operates as a conveyance of the land itself, and that, inasmuch as this instrument granted the rents and profits to appellant, it conveyed the fee to her. We do not so interpret the instrument. It is not essential that a deed shall follow any prescribed form of words if the language employed evinces an intention to convey the fee in the land. But in this contract there are no apt words manifesting such an intention. If it should be conceded that a grant of the

rents, issues and profits of land, absolute in form and unlimited in right, would convey a fee, the grant in this case was neither absolute nor unlimited. The contract recited that it gave to appellant the income or rent after deducting all expenses, as repairing, taxes, etc., after the next succeeding year from the date of the instrument, provided Mr. Franzen did not get into circumstances where he would have to use the land for his own benefit, and if his tenant could not pay the rent as contracted he was not to be held to pay the deficiency. The rent was only given to appellant if her father did not need it himself, and the provisions of the contract show that he was to rent the property, and if he did not need the net income he would pay it to her, not being liable for anything his tenant could not pay. As the contract did not invest appellant with the fee, there is no question as to its re-vesting upon the surrender of the contract.

The forcible detainer suit was dismissed about seven months after the contract was made, but Mr. Franzen continued to collect the rents and to appropriate them to his own use and appellant was angry with him on that account. He did not pay the rent to her according to the agreement, and in April, 1899, they had another settlement. At that time the appellant's mother was taken sick in DuPage county at August Franzen's house, where Mr. Franzen and his wife then lived. Appellant was sent for by her brother, August, and she came from Chicago but refused to remain or care for her mother unless there was some settlement of the controversy between her and her father. Through the efforts of other members of the family a settlement was made, the terms of which are in dispute. Appellant testified that her father had taken the rents for seven years from the time she left the farm, at $400 a year, and that she claimed them; that in the settlement he gave her $500 in cash and shortly afterward executed a note to her for $2000, and gave her $300 more in settlement of her claim. The note for $2000 was payable on or before ten years after date, without in-

terest, and if not paid before the death of the maker it was to be good against his estate for its face value, without interest, to be paid in course of administration. The evidence for appellees was that this note was given to make appellant equal in the will with her sister, Caroline Finke, to whom the will gave $9000 while but $7000 was given to appellant; that the intention was that the note was to be paid after the maker's death, and that the $500 cash was paid as a compromise for improvements appellant had placed on the land. After this last settlement appellant was allowed to collect the rent of the farm up to the time of her father's death, in February, 1901, without objection from any one, and she remained and cared for her mother during her sickness. At the time of the settlement the written instrument of September 29, 1894, was delivered by appellant to her father, and if it could be surrendered and canceled in that way it ceased to be obligatory or binding upon the parties.

Counsel for appellant contends that, being under seal, the instrument could not be changed by parol agreement; that the surrender was without consideration, and that the instrument remained in force. Clearly there was a consideration for the surrender in the settlement of the matters in dispute between the parties, and we are of the opinion that the contract was abrogated by mutual agreement when the settlement was made. It is the law that an executory sealed contract cannot be altered, changed or modified by a parol agreement. But that rule does not apply in case a sealed contract is surrendered and canceled by an executed parol agreement. (*Alschuler* v. *Schiff,* 164 Ill. 298.) The contract was delivered up to Mr. Franzen and upon its re-delivery to him it ceased to have any binding or legal effect as a contract. Whether the settlement was as claimed by appellant or by appellees, it was not one which gave to appellant the legal or equitable title to the land.

We are satisfied with the conclusion of the circuit court, and the decree is affirmed.  *Decree affirmed.*