## Lucy L. Stillman, Plaintiff in Error, v. Braman H. Loveless, Defendant in Error.

## Gen. No. 14,786.

LANDLORD AND TENANT—*when demise for illegal purposes defeats recovery for rent.* If the agent of an owner with the knowledge of such owner rents premises to be used for gambling purposes and such premises are so used, an action for the recovery of rent will not be sustained.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. EDWIN K. WALKER, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 18, 1910.

J. H. WESTOVER, for plaintiff in error.

No appearance by defendant in error.

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff in error brought suit in the court below to recover rent for her premises No. 166 Clark street, Chicago, under a lease and guarantee under seal, signed by the defendant in error guaranteeing the payment of rent and the performance of the lease by N. D. Gardner, the lessee. The lease was for the term of one year from May 1, 1907, the premises to be occupied by the lessee as a rooming house, and for no other purpose. The rent sued for was for the months of November, 1907, to March, 1908, both inclusive, at $175 a month.

The case was tried before the court without a jury and judgment was entered for the defendant in error, and this proceeding in error is prosecuted to reverse the judgment.

The evidence for the plaintiff showed the lease and the guarantee and that all rent under the lease had been paid up to and including the month of October,

Stillman v. Loveless, 152 Ill. App. 332.

1907, and that rent for five months amounting to $875 remained unpaid.

Several defenses were set up by the defendant in error, but the defense relied on was that the plaintiff in error, either personally or through her agent, rented the premises and permitted them to be used for a gambling house.

The evidence tended to show that the plaintiff in error had no knowledge that the leased premises were used for any purpose other than that indicated in the lease, and that she had not seen the premises for many years at the time of the trial; that she lived in Washington, and her agent in Chicago had sole charge of the property. It further appeared without controversy that during the period for which recovery was sought the premises were vacant.

The evidence, however, further tends to show that when the lease in question was negotiated it was stated to the agent of the plaintiff in error that the lessee wanted the premises, and intended to use them, for gambling purposes. The evidence shows that while the lessee occupied the premises he conducted therein a gambling house. There is no doubt from the evidence that as between the agent and the lessee it was understood that the premises were to be used, as they were used, for gambling purposes. The evidence does not show that this was made known to the plaintiff in error. She testifies positively that it was not made known to her that the premises were to be occupied for that purpose. But she acted through an agent, and in this action she must be charged with the knowledge of her agent, and must suffer the legal consequences of her agent's actions and knowledge. If she employs agents to manage her property who deceive her, or permit her to be deceived, as to the use of her property she must be held to their acts and their knowledge in an action on the lease. The result is that she cannot recover; and under the evidence produced the judgment of the lower court is right. The law will not lend its aid to enforce illegal contracts.

The question presented in Frank v. McDonald, 86 Ill. App. 336, is not the question presented in this case. Without intending in any way to express assent to the ruling in that case, we think the case at bar presents the question as to the validity of a lease and the right to recover rent thereon when bôth the parties entered into the lease for the unlawful purpose of using the same and allowing them to be used for gambling.

*Affirmed.*