•Judge Ewing
delivered the opinion of the Court.
The Trustees of Lexington leased to McKenzie certain real estate in the city. Afterwards, McKenzie leased . Tinr/~iu . , - , . to J ohn McOalla, without rent, apart oí the premises, in pursuance of a previous arrangement made between i . 1 ° them, by which MeCaila had transferred to McKenzie, *130 his right to demand a lease from the trustees for the -whole of the property, in consideration of his leasing to McCalla, a part of the premises which McCalla had previously leased to Ficklin, Fishel and Sayre. The lease by the Trustees to McKenzie, and by him to McCalla, confirmed b.y estoppel these leases to Ficklin, Fishel and Sayre.
Tiie surrender of bis lease, by a tenant, will not divest big subtenants of their rights; and he will be justly liable for .their subsequent use and occupation. A parol surrender of a lease, with the premises, or a part of them, is valid— as the inhibition of 3d see. 29th Cbs. 2. is not in our statute; and after the surrender, no action can be maintained on the lease. But, if the tenant, or any subtenant, remains in possession, the landlord may maintain assump sit against his immediate tenant—either for the nse and occupation, or for bis ibilure to give up the premises according to the agreement.
Afterwards McKenzie proposed to the Trustees to surrender his lease-, which was agreed to be accepted by them, provided the rent then due was paid—said proposition and acceptance being in writing, and signed by the parties. McKenzie quit the possession^ that portion of the premises which was in his actual possession, and the Trustees took possession thereof, and leased it out to another. But McCalla and his sub-tenants retained the possession of that part leased by McKenzie to him—the lease not being ended; and consequently, the Trustees never obtained the possession or use of the same.
The rights of the Trustees devolved upon the city of Lexington by its charter, and the city prosecuted this suit, in assumpsit, against McKenzie, for the value of the use and occupation of that portion of the premises leased by McKenzie to McCalla, and by him to Ficklin, Fishel .and Sayre.
It is clear, that the surrender of McKenzie, if a surrender was made, could not defeat or annul the previously acquired rights of his subtenants. No act of his, without their assent, could divest them of their rights under a previous lease. They had a right to hold the premises, under McCalla, during the continuance of his lease. So had McCalla a right to hold, or to protect them in their holding, by the express terms of his lease from McKenzie. It is just, therefore, that he should he made liable in some form of action. The city has been deprived of the use of this portion of the premises by the act of McKenzie. The sub-tenants have acquired the right to enjoy it, and have enjoyed it, under his contract, by-his sanction and authority, and as his sub-tenants; and he is as much responsible as if he occupied it himself. 1 Chilly's Pleadings, 338.
Assumpsit vs. a tenant, ibi use fyc by his sub-tenants, from the time when he himself quit, upon his landlord’s agreeing that he might surrender his lease, upon payment of the rent then due: if payment was not made according to the condition; or, if the surrender of part was to be in full of all rent; or, if the landlord entered against the tenant’s will, the action must fail; and, as one or move of those facts might be inferred from the proof, the jury should them; instructions to find for plaintiff, if they believed the evidence, vyera have decided upo.t\ erroneous.
We also believe that, if the surrender was clearly made out, the action of assumpsit, under the circumstances of this case, is maintainable.
The third section of the statute of frauds and perjuries of the 29th Car. II. 2 Starkie’s Evidence, 590, which “inhibits the surrender of leases, except in writing, signed by the party,” &c. has not been introduced into our statute. Its omission in our statute, which is substantially copied from the English statute, is evidence of an intention on the part of our Legislature, to drop this solemnity in surrenders.
If, therefore, it were conceded, in this case, that the written proposition to surrender, and written acceptance thereof, did not come up to the requisitions of that statute, it cannot be doubted, that a parol surrender of the lease, with the possession of a portion of the premises, would be valid. If a surrender was made, the contract is, thereby, so far extinguished and annulled, that an action of covenant would not lie upon it.
The action of assumpsit for use and occupation of the part not surrendered, or for a breach of promise in failing to surrender, would be the appropriate remedy—both of which aspects are presented in different counts in this case.
But the testimony in this case is not clear, that a surrender was made, of that the possession was taken by the Trustees, under a surrender, or by the assent of McKenzie, implied or expressed.
The proposition to. surrender was accepted conditionally by the o,rderof the Trustees. The terms of the order are, “that the board will accept of a surrender of “ the lease of John McKenzie, agreeably to his written “ proposition, upon the payment; of the amount of rent due “ up to the time of surrenderand Moses Nelson and others were appointed a committee to receive said rent and surrender, and lease the said premises to John Trimble & Co. Bodley proved that McKenzie acknowledged the payment of the rent up to the time of surrender. But how or when it was paid, or whether by voluntary *132 payment in pursuance of the conditional order of accep-. tance, or by coercion, does not appear.
An entry by the landlord upon a part of the premises, against the will of ^he tenant, is a trespass, and debars the landlord of all remedy for his rent.
Nelson proved that McKenzie abandoned the posses-, sion, and he entered, in behalf of the trustees, and rented, the premises to another, and sued out a warrant of disr tress, and sent it after him. But whether the rent was. collected on the distress warrant, or the possession taken under the said proposition to surrender, or by the tacil; or implied assent of McKenzie, is left uncertain and subject only to deduction. It is not necessarily inferable from the facts proyen, that McKenzie abandoned the premises with a view that the Trustees might enter by way of effectuating his proffered surrender, or that the Trus-. tees entered with that view, or by the assent of McKenzie,
It may be inferred, without doing great violence to. the facts proven,' that his abandonment was for some other and different object and intention than to com-, píete his proposed surrender; and that the entry of the Trustees was without his knowledge or consent, and against his will, which would make them trespassers, and debar them from all remedy for the rent of other portions of the premises. 1 Coke on Lit. by Thomas, 544,
As there was doubt and uncertainty, in the inference from the facts proven, what was. the object and intention of the parties, or whether or not the surrender was com-, pleted, the testimony should have been left to the jury to draw th§ir own inference from it. The facts proven may be true, and yet the rational deduction of the jury from them, may have been very different from those which the Court might draw. It was, therefore, erro-, neous for the Court to instruct the jury “that, if they “ believed the evidence they must fipd for the plaintiff, the “reasonable value of the use and occupation of the pre-. “mises embraced in the lease to McKenzie, on Water “ street, now in the occupation of Fishel, Winn and Ficklin, from the time of McKenzie’s surrender, to the com- “ mencement of the suit.”
Further, from the circumstances in this case, the jury may possibly have inferred, that the surrender and acceptance by the Trustees, of the possession of a portion *133 of said premises, was intended by the parties, as a full discharge of McKenzie from all liability for rent for those parcels the possession of which was not surrendered. If so, the law would not imply an assumpsit for rent for the use and occupation of those parcels. The Circuit Court should not therefore have withheld from the jury, the instruction that was ashed, presenting that aspect of the case. ’
It is therefore considered by the Court, that the judgment of the Circuit Court be reversed, and the cause renianded that a new trial may be granted,