CONRAD FRY

*v.*

JOHN C. PATRIDGE *et al.*

|  73 |  51 |
| 145 | 246 |

|  73 |  51( |
| 76a | 665; |

|  73 |  51 |
| 115a | ¹525 |

1. LANDLORD AND TENANT—*release of tenant and accepting another may be inferred.* An agreement to release the original lessee, and accept another tenant in his stead, need not necessarily be express, but may be inferred from the conduct of the parties.

2. Although premises may have been originally leased to one party, yet if another occupies half of them, and the lessor makes out and collects one-half of the rent of such other for a number of times, this will be a recognition of a separate tenancy. The question of the release of the original tenant and acceptance of another for a distinct part of the premises, is one of fact.

3. ERROR—*obviated by instructions.* In a suit between a landlord and tenant, there is no error in admitting evidence of damages to the tenant for the want of repairs, where the jury are instructed that the landlord is not bound to make repairs unless an express promise to do so is proven.

APPEAL from the Superior Court of Cook. county; the Hon. JOHN BURNS, Judge, presiding.

This was a distress for rent, by Conrad Fry and John S. Miller, against John C. Patridge and Lorin Palmer, for the use of a store-room. The original verbal agreement was to lease the premises to the firm of John C. Patridge & Co., but one half was occupied by Wight & Stevens, who, until their failure, paid one-half of the rent. Before the trial, the death of Miller was suggested, and Fry was allowed to prosecute as surviving plaintiff. A trial was had by a jury, who found the issues for the defendants. The plaintiff moved for a new trial, which was denied and an exception taken.

Messrs. MERRIAM & ALEXANDER, for the appellant.

Mr. GEORGE G. BELLOWS, for the appellees.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

It is immaterial, in this controversy, whether the agreement to lease the premises was for one or three years. No written lease was ever signed by the parties. It may be regarded as a parol lease for one year for the sum of $10,000, payable in equal monthly installments. The main store-room is.what is called a double room, and was divided through the centre by a line of posts to support the upper floor. Appellees occupied one side of this main room and the firm of Wight & Stevens the other side.

Adopting the theory of appellant, that the original agreement in respect to the leasing of the premises was made alone with appellees, is there no evidence the lessors released them and accepted Wight & Stevens as their tenants to the extent of one-half of the demised premises? Upon this question there is some evidence, and the case having been submitted to the jury under proper instructions, we do not feel authorized to disturb their finding.

The agreement to release the original lessees, and accept other tenants in their stead, need not necessarily be express.

Such an agreement may be inferred from the conduct of the parties. *Bedford* v. *Terhune*, 30 N. Y. 453.

Before appellees entered into the possession, it was agreed the names of Wight & Stevens, as well as appellees, should be put in the lease as lessees. When the first installment of rent became due, the bill rendered for the entire amount was made out to appellees. They paid one-half of it and referred the agent of the lessors to Wight & Stevens for the other half, who promptly paid it. All future bills were made out separately, one-half against appellees and the other half of the rent against Wight & Stevens, and paid accordingly. After Wight & Stevens became bankrupt, the assignee paid one-half of the rent for some months. These acts may be regarded as distinct and unequivocal recognitions of a separate tenancy, from which the jury might justly draw the conclusion they did. Whether the lessors had released the original lessees, and accepted Wight & Stevens as tenant for a distinct portion of the demised premises, was purely a question of fact. *White* v. *Walker*, 31 Ill. 422; *Woodcock* v. *North*, 8 Bing. 170; *Bowers* v. *Smith*, 5 B. and A. 850.

The evidence admitted as to damages sustained by appellees in consequence of the want of repairs, did appellant no harm, for the jury were distinctly instructed that, unless there was an express promise proven, the landlord was not bound to make repairs. Whether there had been such a promise, was a question upon which the jury had the right to pass.

We perceive no such error in the instructions given as would warrant a reversal of the judgment. They are substantially correct. All of appellant's refused instructions that were material to the decision of this case, were contained in those that were given.

The judgment must be affirmed.

*Judgment affirmed.*