## .V. J. Duncan v. M. T. Moloney.

### .Gen. No: 4,384.

1. RENT—*when liability for, is discharged.* While the covenants of the lessor for quiet enjoyment do not require him to put the lessee in possession, still if the lessee is kept out of possession by one who had a prior paramount title, the lessor is liable on his covenant and the lessee is released from the rent charge.

2. SURRENDER—*how, made of lease under seal.* A surrender of a lease under seal may be made by parol, by an abandonment of the premises and an entry by the lessor, by an executed agreement to surrender, by the execution of a new lease with the tenant's consent and the entry of the new tenant, by a contract to release the old tenant and to accept a new one for the rent, or by a continued change of possession by the mutual consent of the parties.

Duncan v. Moloney.

3. SURRENDER—*when there is no, of term created by lease.* A mere parol agreement by which the lessee agrees to surrender his term on a particular date, does not operate as a legal surrender of such term where such agreement is not executed according to its terms and the tenant continues in possession after the expiration of such period without objection from the landlord.

4. BILL OF EXCEPTIONS—*when, presented in apt time.* When the last day of the time fixed for the presentation of a bill of exceptions falls upon Sunday and it is presented upon Monday, such presentation is in time.

Action of assumpsit. Appeal from the County Court of La Salle County; the Hon. WILLIAM H. HINEBAUGH, Judge, presiding. Heard in this court at the April term, 1904. Reversed, with finding of facts. Opinion filed August 24, 1904.

HUTTMANN, BUTTERS & CARR and SAMUEL RICHOLSON, for appellant.

JAMES J. CONWAY, for appellee.

MR. JUSTICE VICKERS delivered the opinion of the court.

This suit was originally commenced before a justice of the peace to recover three months' rent for rooms in the Moloney building in the city of Ottawa. Upon appeal to the County Court appellee recovered a judgment for $60, being for the rent of the rooms for July, August and September, 1902.

On February 28, 1902, Dr. Hatheway was occupying the rooms in question under a written lease which extended to July 1, 1903. He leased rooms in another building then being constructed and told appellant he was willing to surrender his lease of the rooms in the Moloney building. Appellant then procured a lease from appellee to commence July 1 and running for five years, including therein the rooms in the Hatheway lease. It was expected that Hatheway would vacate by the first of July, but the new building not being ready he continued to occupy the rooms in the Moloney building until October 1, when he moved out and appellant went in.

The contention of appellant is that he did not have the possession and enjoyment of the premises during the time

for which this claim is made, and that he was prevented from obtaining the possession by reason of the occupancy of Hatheway who was in under an unexpired lease from appellee; hence, he could not have legally obtained possession by a suit in forcible detainer. Appellant contends that Hatheway's consenting to the making of the lease to appellee was a surrender of his lease, and that he held without any right after July 1, and it was the duty of appellant to proceed for the possession.   By an arrangement between Hatheway and appellee, appellee had been accepting receipts for rent paid to Mrs. Anthony by Hatheway in settlement of the rent due from Hatheway.   Appellee called on Hatheway for the three months' rent and was tendered receipts from Mrs. Anthony and the balance in cash.   Appellee refused the receipts and brought suit against appellant.

There is no dispute about the material facts and the whole case depends on a question of law.

While the covenant of the lessor for quiet enjoyment did not require the lessor to put the lessee in possession, still if he was kept out of possession by one who had a prior paramount title the lessor is liable on his covenant and the lessee is released from the rent charge.   But it is equally well settled that this covenant, whether express or implied, does not protect the lessee from the act of a stranger or one holding without paramount right.   If Hatheway's lease was still in force and he was holding under it, it is clear that he had the prior and better right, and could hold the premises against either appellant or appellee.   Gazzolo v. Chambers, 73 Ill. 75, and cases there cited.   If the Hatheway lease had expired by its terms on the first of July, then appellant would have been entitled to the immediate possession and could have maintained an action therefor in his own name, but the right under such circumstances also exists in the landlord to bring an action of forcible detainer.   Thomasson v. Wilson, 146 Ill. 384.   Hatheway's possession after the first of July was not wrongful or unlawful, unless the acts of the parties had the effect of a sur-

render of his term. This is, as we understand the case, the precise question to be decided, and upon which the case depends.

A surrender of a lease under seal may be made by parol, Baker v. Pratt, 15 Ill. 568; or by an abandonment of the premises, and entry by the lessor, 2 Wood, Land. and Ten., sec. 494; or by an executed agreement to surrender, id. 494; or by the execution of a new lease with the tenant's consent, and the entry of the new tenant, Stobie v. Dills, 62 Ill. 432; or by a contract to release the old tenant and accept a new one for the rent, Fry v. Patridge, 73 Ill. 51; or by a continued change of possession by the mutual consent of the parties, Dills v. Stobie, 81 Ill. 202. Had appellant gone into possession on the first day of July under his lease there is no doubt the surrender of Hatheway's lease would have been complete, not only on the grounds upon which the decision in Stobie v. Dills rests, but also upon the grounds that by the act of delivering the possession the parol contract would have become executed; this, under the authority of Wood, Land. & Ten., sec. 494, is a surrender. A lease may also be surrendered by operation of law, where the tenant accepts a new lease for the same premises. Wood, Land. & Ten., section 492, and cases there cited. This is because the tenant is estopped, by accepting the new lease, to say the old one is still in force. Lyon v. Reed, 13 M. & W. 285.

It is to be noted in this connection that the surrender which ends the relation between lessor and lessee or landlord and tenant, means something more than the mere surrender of the lease as a document. The lease is not the contract nor is it the term, but is merely the written evidence of the one and the muniment of title to the other. The destruction of the lease as a paper by the consent of the parties, does not necessarily affect the term. See Brewer v. Building Assn., 166 Ill. 221. The cancellation of the lease may be a sign of surrender, but it is not the surrender itself. In Beidler v. Fish, 14 App. 29, it is held that the destruction of the lease by the consent of both parties, before possession taken, is effectual as a surrender of the term, and this

only because the lessee had no possession to surrender; but it is clearly implied from the language used by Mr. Justice Bailey in this case, that had the lessee been in possession it would have been necessary to deliver the possession, to make the surrender complete. In McKenzie v. City of Lexington, 4 Dana 130, it is held that the parol agreement of a lessee in possession under a written lease, to surrender, even where the possession is abandoned, it is necessary the proof should show that the abandonment was with the intention of surrendering the term. It is there said that "It may be inferred, without doing great violence to the facts proven, that his abandonment was for some other and different object and intention than to complete his proposed surrender." In the case at bar there was no surrender of the lease or the term; all that was done, under the most favorable view of the evidence, was, the lessee simply made a parol agreement that he would surrender his term on the first day of July following. This agreement was not executed according to its terms, but Hatheway continued to hold under his lease for three months longer without objections, from appellee, or any one else. There was therefore clearly no surrender of his term, and his continued possession was a continuation of his term under a prior and paramount title, which affords legal excuses for appellant not proceeding for possession. Appellee's defense to this action is valid and complete and it was error to enter judgment against him.

The motion to strike the bill of exceptions from the files because it was not presented within the sixty days fixed by the order of the court is overruled. The last day of the time fixed was Sunday and the bill was presented on Monday. We are of the opinion that the bill was properly presented on Monday when the last day falls on Sunday. Our attention has not been called to any decision holding otherwise and out of analogy to other matters provided for by our statute we are inclined to apply the same rule to a bill of exceptions. See Hurd's R. S. 1901, clause 11, sec. 1, chap. 131.

Judgment reversed. *Reversed.*

Finding of facts, to be incorporated in the judgment of the court:

We find as a fact that this suit is an action for rent of certain rooms, from July 1, 1902, to October 1, 1902.

We find that on the first day of July, 1902, the demised premises were in the actual possession of Hatheway, who was in possession under a valid, prior and subsisting lease from appellee and that he held said premises for the whole of the time for which this claim for rent is made; that such holding was not by virtue of a subletting or other agreement with appellant; that there had been no surrender by Hatheway of his term and that he was rightfully in the possession of the premises.