## Garret Halloran, Appellee, v. L. A. Hall, Appellant.

LANDLORD AND TENANT—*when assignment does not relieve lessee from obligation to pay rent.* Although a landlord may consent to the assignment of a lease by his lessee and may have accepted the assignee and received rent from him, still the lessee is not released from his covenant to pay rent unless the landlord has accepted the surrender of the lessee and released him.

Action commenced before justice of the peace. Appeal from the City Court of East St. Louis; the Hon. MORTIMER MILLARD, Judge, presiding. Heard in this court at the March term, 1911. Reversed and remanded. Opinion filed November 11, 1911.

DAN McGLYNN and H. E. SCHAUMLEFFEL, for appellant.

ALEX. FLANNIGEN and B. H. CANBY, for appellee.

MR. PRESIDING JUSTICE SHIRLEY delivered the opinion of the court.

This case was commenced before a justice to recover from appellant the rent of one month claimed to be due by the terms of a lease of certain premises. In the City Court where the cause came by appeal, there was a verdict and judgment in favor of appellee for the sum of $150.

It appeared from the evidence that on July 5, 1905, appellee demised to appellant by written lease a lot and the building thereon in the city of East St. Louis for the term of seven years, reserving as rent $125 per month for the first two years and $150 per month for the remainder of the term. The judgment in this case was for the rent from July 5 to August 5, 1908. There was no dispute that the rent for that month had not been paid, the controversy arising over the claim of appellant that the appellee had accepted one Norris as his tenant and released appellant from his tenancy and obligation to pay the rent.

It further appeared from the evidence that appellant occupied the premises as a saloon about two and a half years after the execution of the lease when he sold the saloon to Norris who was his brother-in-law and his barkeeper, and that thereafter Norris paid the rent to appellee's agent either by cash or by his own check. He occupied the premises five months when he ceased to occupy them. Appellant testified that after he sold the saloon to Norris he did not remain there and that before the sale appellee's agent, John Halloran, was in the saloon and that he said to Halloran he was going to sell the place to Norris if Halloran had no objection and that Halloran replied "No, Joe is a good fellow, it is all right;" that after this

conversation he paid no more rent having just afterwards sold to Norris; that he again met Halloran in the saloon after the sale and said "How are you and Joe getting along" and he replied "All right. Joe is a good fellow, getting along all right."

Norris testified that the agent Halloran when told by appellant that he, appellant, was going to sell to him, Norris, and asked Halloran if it would be all right, said "Yes as long as I get my rent, I am satisfied." This witness further testified he had a saloon license posted over the bar; that the agent was in the saloon every week, sometimes oftener and that he ran bills there which he would usually pay every week.

John Halloran, the agent, testified he knew nobody as a tenant but appellant and denied the conversations related by appellant and Norris.

It is the law that although the landlord may consent to the assignment of the lease by the lessee, and may have accepted the assignee as his tenant and received rent from him, still the lessee is not released from his covenant to pay rent unless the landlord has accepted the surrender of the lease and released him. Grommes v. St. Paul Trust Co., 147 Ill. 634. Unless there was a substitution of Norris for appellant as a tenant and a clear intent to make a new contract with Norris and to discharge appellant from further liability under the lease, and unless there was an intent to accept a surrender of the lease from appellant, appellant was not relieved of his liability. Barnes v. Northern Trust Co., 169 Ill. 112. And it was for the jury to say whether under all the evidence there was such substitution, discharge and surrender and new agreement with appellant.

It is complained there was error in giving on behalf of appellee the following instruction:

"The court instructs the jury that where there is an express covenant to pay rent in a lease for a term of years, the mere acceptance of rent by the lessor from the assignee of the lessee does not discharge the les-

see.   The contract of the lessee continues in force notwithstanding he may have parted with his interest in the estate unless the lessor enters into such stipulation with the assignee as to accept him as sole tenant and absolve the original lessee.   If there be not a substitution of the assignee in place of the original lessee and a clear intent to make a new contract with the assignee and discharge the lessee from further liability under the lease both the lessee and the assignee will be liable for payment of the rent.''

That portion of the instruction which requires the lessor to "enter into such stipulations with the assignee as to accept him as sole tenant and absolve the original lessee'' before the original lessee can be absolved from the payment of rent is incorrect.

Under the cases cited there must be a substitution and a clear intent to make a new contract with the assignee and to discharge the lessee before the lessee is discharged, but such agreement and substitution may be inferred from facts and circumstances, and it is not essential that there should be a *stipulation* entered into between the assignee and lessor to accept the assignee and release the lessee.   Such substitution might be inferred from evidence in the absence of a stipulation entered into to that effect between the lessor and assignee.   Williams v. Vanderbilt, 145 Ill. 238. We think that part of the instruction misleading as it would lead the jury to suppose that it required proof of an express stipulation between the lessor and assignee to make the substitution.

Under the evidence the instruction in the particular pointed out was misleading and we think prejudicial. The instruction in other respects seems to conform to the principles announced in the cases. cited in this opinion.

For the error indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*