DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

### DURING THE YEAR 1921.

---

Nathan Cohn, trading as Star Auto Sales Company, Appellee, v. Armstrong Tire and Vulcanizing Company, Appellant.

### Gen. No. 26,452.

1. APPEAL AND ERROR—*duty of Appellate Court to review both law and facts.* It is the duty of the Appellate Court to review both questions of law and of fact whether or not propositions of law have been submitted to the trial court.

2. LANDLORD AND TENANT—*verbal promise to surrender lease.* A verbal promise to surrender a lease is not a surrender thereof.

3. APPEAL AND ERROR—*waiver of improper admission of evidence by counsel failing to raise objections in stating reasons why judgment should not be entered.* A defendant was not permitted to obtain a reversal on the ground that the lease and assignment in question were improperly admitted because their execution was not proven, where at the conclusion of the trial the court heard from defendant's counsel as to the reasons why judgment should not be entered against the defendant, and such counsel, in stating his reasons, made no reference to the competency of such doc-

CHICAGO—FIRST DISTRICT—NOVEMBER, 1921.   573

Cohn v. Armstrong Tire and Vulcanizing Co., 222 Ill. App. 572.

uments either on the ground that the signatures were not directly proven or for any other reason.

4.  APPEAL AND ERROR—*assuming that trial court had an admitted signature of lessor in comparing signatures on a lease and assignment.*  In a trial without a jury, where plaintiff on appeal argued as ground for  reversal the fact that a certain lease and assignment were incompetent because their execution was not proven, the court, in affirming the judgment for defendant, considered that the trial court had before it the admitted signature of the lessor, and could properly conclude, by comparing such signature with that on the lease and assignment in question, that their execution was by the same party.

5.  LANDLORD AND TENANT—*ratification of notice terminating lease.*  Without deciding the question whether or not a notice terminating a lease must be signed by the lessor in person, it was held that the notice in question, signed by the lessor's agents by their employee, was ratified by the subsequent making of a new lease and thereafter consenting to its assignment.

6.  LANDLORD AND TENANT—*applicability to lease of repugnancy rule as· to granting and habendum clause in deeds.*  The general rule that if there is repugnancy between the granting clause and the *habendum* in a deed the former will prevail was not applicable to a lease containing a demise conditioned upon the right of the lessor to cancel before the expiration of the term upon giving the required notice.

Appeal from the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed November 7, 1921. Rehearing denied November 21, 1921. *Certiorari* denied by Supreme Court (making opinion final).

KING, BROWER & HURLBUT, for appellant.

PADEN & KROPF, for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

By this appeal defendant seeks the reversal of a judgment against it in an action of forcible detainer tried by the court.

Counsel for plaintiff insists that as no propositions of law were presented to the trial court, there is noth-

574 APPELLATE COURTS OF ILLINOIS.

Cohn v. Armstrong Tire and Vulcanizing Co., 222 Ill. App. 572.

ing for this court to review. This point was so emphasized in argument and by the citation of a large number of cases, including, however, none of the many decisions of this particular court, holding to the contrary, that we have delayed our opinion until the disputed point was definitely decided by the Supreme Court. This has been done in opinion filed October 22, 1921, in *Pittsburgh, C., C. & St. L. Ry. Co. v. Chicago City Ry. Co.*, 300 Ill. 162. It is there held that it is the duty of the Appellate Court to review both questions of law and of fact whether or not propositions of law have been submitted to the trial court.

Counsel for plaintiff has not favored this court with a brief of any cases in opposition to the points made by defendant.

September 25, 1918, James A. Patten leased the premises in question, being store number 1342 South Michigan avenue, Chicago, to defendant for a term commencing January 1, 1919, and terminating April 30, 1924. The written lease was signed by Patten in person and by defendant by its president. By the eight paragraph of the lease it was agreed that "the lessor reserves the right of cancelling this lease on April 30, 1920, or any time thereafter, by giving to the lessee sixty (60) days previous written notice of his intention so to do." This lease was negotiated by the real estate firm of Baird & Warner, acting through its employee, Walter O. Salmon. The lease provided that all payments of rent should be made at the office of Baird & Warner, and the lessee made all checks for rent payable to them. The lease also provided that at the termination of the lease the keys were to be delivered to the office of Baird & Warner; defendant, during the tenancy, had various dealings and negotiations with these agents with reference to care of the property, improvements, etc. October 8, 1919, a written notice was served upon defendant, which is as follows:

"Chicago, October 8, 1919.
"Armstrong Tire & Vulc. Co.,
     1342 South Michigan Ave.,
         Chicago, Illinois.
Gentlemen:
   We wish to hereby notify you that, in accordance
with a special agreement for cancellation contained in
Exhibit 'A' of your lease, dated September 25, 1918,
between James A. Patten and the Armstrong Tire &
Vulcanizing Company for the store at 1342 South
Michigan Avenue, we shall cancel this lease as of
April 30th, 1920. This letter shall be notice to that
effect.
   Our object in notifying you at this time is that you
may not be jeopardized in securing another location
if you so desire or entering upon negotiations with
us for the renting of the store.
                        Yours very truly,
                            Baird & Warner,
                                By W. O. Salmon,
                        Manager Renting Dep't."
   Salmon testified that subsequently he had conversa-
tions with Maurice Steinberg, general manager of
defendant, with reference to a new lease; that mutual
propositions were made as to the rental for a new
term; that there were negotiations extending for two
or more weeks, but finally Steinberg told the agents
to go ahead and rent the store to another tenant. The
evidence tended to show that on November 5, 1919,
a new lease was made by Patten to the Acorn Battery
Company, for a term beginning May 1, 1920, and end-
ing April 30, 1923. By a writing on this lease made
in February, 1920, the Acorn Battery Company as-
signed the lease to the plaintiff, Nathan Cohn, which
assignment bears the written consent of Mr. Patten.
Plaintiff testifies that shortly thereafter he called upon
defendant and told both the president and the general
manager of the defendant company that he had a lease
of the premises beginning May 1, and sought to induce

them, by the payment of a bonus, to give him possession about the middle of February, and was told that defendant had rented the building across the street which would not be ready before the first day of May. This conversation is denied. Plaintiff subsequently, on May 1, made demand for the premises in question and defendant refused to deliver, and informed plaintiff that it did not intend to move.

The record does not justify plaintiff's claim of a parol surrender; there was at most a verbal promise to surrender, taking plaintiff's story in this respect as true. This is not a surrender. *Duncan v. Moloney,* 115 Ill. App. 522.

Defendant argues that the lease from Patten to the Acorn Battery Company and the assignment to plaintiff were incompetent as evidence because the execution of these instruments was not proven. Objection was made at the time these were introduced, but they were admitted. At the conclusion of the trial the court heard from defendant's counsel as to reasons why judgment should not be entered against defendant, but counsel made no reference to the competency of these documents, either because the signatures were not directly proven or for any other reason. If attention had been called to these objections, plaintiff could easily have procured testimony as to the signatures. Defendant should not now obtain a reversal upon a ground not presented in argument upon the trial. Also the trial court had before it the admitted signature of Mr. Patten upon the lease to defendant and could properly conclude by comparing this with the signatures on the other lease and assignment, that their execution was by the same party.

Was the notice of termination of the lease signed by Baird & Warner, by an employee, effective? Defendant claims that the condition for cancellation of the lease is written notice of the lessor's intention so to do, that this is exclusively his right, and that such

notice must be signed by him in person.  Some cases seem to support this, but in *Ball v. Peck,* 43 Ill. 482, the validity of such a notice was supported upon the ground that the subsequent acts of the lessor amounted to an adoption of the notice as his act.  We are of the opinion that in the present case the subsequent act of Patten in making a new lease to the Acorn Battery Company, and later consenting to the assignment thereof, amounted to a ratification of the notice.

The general rule that if there be repugnancy between the granting clause and the *habendum* in a deed, the former will prevail, is not applicable here, and cases applying this rule to the ordinary deeds of conveyance are not in point.  Here the two clauses of the lease alleged to be repugnant should be construed together, and we then have the ordinary and frequent demise of premises for a certain term conditioned upon the right of the lessor to cancel before the expiration of the term upon giving the required notice.  We are referred to no case holding such a reservation in a lease invalid.

For the reasons above indicated the judgment is affirmed.

*Affirmed.*

DEVER, P. J., and MATCHETT, J., concur.