### Herman J. Jacob, Appellant, v. R. S. Mundell, Appellee.

### Gen. No. 35,750.

Opinion filed June 28, 1932.

PERLEY H. BISHOP, for appellant.

HENRY H. SCHULTZ, for appellee.

MR. PRESIDING JUSTICE KERNER delivered the opinion of the court.

Plaintiff sued defendant for rent for the months of January, February, March and April, 1931, at $285 a month, amounting to $1,140. The cause was tried without a jury, resulting in a finding for the defendant and a judgment for costs against the plaintiff, and plaintiff appealed.

The undisputed facts are that plaintiff and one Julius Torgatsch entered into a written lease for a term of five years, expiring September 30, 1927, the rental for the last two years being $285 a month. February 24, 1926, Julius Torgatsch, with the written consent of plaintiff, assigned the lease to defendant, and stipulated that there should be no further assignment without his written consent. March 19, 1926, Chatham Furniture Company, a corporation, was organized, and plaintiff became a stockholder and its secretary, and this corporation entered into and took possession and remained in possession of the demised premises until December 31, 1930, paying the rent by checks countersigned by plaintiff as secretary of the corporation. When the lease expired September 30, 1927, the premises were not surrendered to the plaintiff, but the Chatham Furniture Company continued to occupy them until December 31, 1930.

It is plaintiff's contention that the Chatham Furniture Company never became his tenant. On the other hand, defendant claims that when the Chatham Furni-

ture Company entered the premises with the knowledge and consent of the plaintiff, it became his tenant.

In arguing for a reversal counsel for plaintiff states that there is not a scintilla of evidence in the record that the plaintiff and the defendant ever said a word to each other about the occupation of the premises by the Chatham Furniture Company and that the payment of the rent by the Chatham Furniture Company did not operate as a substitute of that corporation as a tenant of the plaintiff. While it is true that payment of rent by a person other than the lessee, even though such person is in possession of the demised premises, does not make such person a tenant of the lessor, nevertheless, where it is mutually agreed between parties that a lease shall be surrendered, this will estop the landlord thereafter from denying the surrender of the lease, notwithstanding it was in writing and under seal, and the agreement to surrender was not in writing. (*Dills v. Stobie,* 81 Ill. 202, 205.) The surrender need not be in express words. (*Fry v. Patridge,* 73 Ill. 51.) The parties to a lease, without any express surrender, may do some act which implies that they have both agreed to the surrender. (*Brewer v. National Union Bldg. Ass'n,* 166 Ill. 221.) Surrender of a lease may be implied from circumstances and the acts of the parties. (Taylor on Landlord and Tenant, vol. 2, sec. 515; *Fry v. Patridge, supra; Dills v. Stobie, supra; Halloran v. Hall,* 165 Ill. App. 440; *Thompson v. Western Casket Co.,* 219 Ill. App. 184.)

It was not necessary that defendant prove the surrender by express words. That fact may be proved by circumstantial evidence; nor was it necessary that the defendant formally vacate the premises and permit the Chatham Furniture Company to re-enter under a new lease to make it the tenant of the plaintiff in place of the defendant. It is sufficient if all the parties agreed that the Chatham Furniture Company should become the tenant of the plaintiff; that it thereafter

occupied the premises and was acknowledged by the plaintiff to be his tenant. (*Dills v. Stobie*, 81 Ill. 202, 206.) In the instant case the defendant prior to February 24, 1926, was employed by Torgatsch, the original lessee, who conducted a furniture business on the premises; his health being impaired, he assigned the lease and the business to defendant and he in turn, with the assistance of plaintiff, formed the Chatham Furniture Company, a corporation, whose business was to be conducted in the premises in question, and immediately after the corporation was organized this corporation paid all the rent thereafter accruing with checks countersigned by the plaintiff as secretary. It was upon these facts that the trial court found that there was a surrender of the lease. This was a question of fact entirely within the province of the court, and in this finding we concur. The judgment is affirmed.

*Affirmed.*

SCANLAN and GRIDLEY, JJ., concur.