Thomas H. McNeill et al., Appellees, v. Harrison and Sons, Inc., Appellant.

Gen. No. 38,678.

Opinion filed June 22, 1936. Rehearing denied July 6, 1936.

Alexander Rothstein, of Chicago, for appellant.

Defrees, Buckingham, Jones & Hoffman, of Chicago, for appellees; Kenneth M. Fiske and Chas. O. Butler, both of Chicago, of counsel.

Mr. Justice Denis E. Sullivan delivered the opinion of the court.

This cause comes to this court on an appeal by the defendant, Harrison & Sons, Inc., from a judgment *non obstante veredicto* entered in the municipal court in favor of the plaintiffs, Thomas H. McNeill et al.

On September 5, 1935, a judgment by confession was entered against defendant under a lease entered into between plaintiffs and the defendant for rent for the months of August and September, 1935, at $107.50 per month, and also included $39.75 allowed as attorney's fees, making a total of $254.75 and costs. The statement of claim and cognovit on the lease was filed September 4, 1935.

Plaintiffs' statement of claim sets forth that the lease entered into with defendant was dated March 25,

1933, plaintiffs being the lessors and defendant the lessee for the premises therein described, for the term beginning May 1, 1933, and ending December 31, 1935, for a total rental of $3,440, payable in equal monthly instalments of $107.50 each; that the sum of $215 became due and payable for the months of August and September, 1935, and judgment by confession was entered for $254.75 and costs, including as part of the judgment the sum of $39.75 as attorney's fees.

Thereafter on September 16, 1935, the defendant filed a petition to vacate the judgment by confession, stating that it had a good defense to the whole of plaintiffs' demand.

On the same day the court ordered that the judgment be opened and that the defendant be given leave to appear and defend and granting a jury trial.

On October 2, 1935, the jury returned a verdict finding for the defendant and against the plaintiffs, upon which finding the court entered a judgment and costs against the plaintiffs and that the judgment by confession of September 5, 1935, be set aside.

On October 7, 1935, plaintiffs' motion was filed to vacate and set aside the verdict of the jury in favor of defendant and asked for a new trial, and on the same date plaintiffs filed a motion for judgment *non obstante veredicto*.

On October 11th, on the hearing of the petition of the plaintiffs a judgment order was entered by the court that the motion of the plaintiffs for judgment *non obstante veredicto* be sustained; that the judgment by confession of September 5, 1935, against the defendant for $254.75 be confirmed.

Plaintiffs' theory of the case is that the oral cancellation and surrender of the lease was never executed and that the evidence introduced by the defendant attempted to show an alteration or variation of the terms of the lease and was therefore inadmissible.

Defendant's theory of the case is that there was an oral agreement between the plaintiffs and the defendant that the lease was to be canceled as of July 31, 1935, provided the defendant procured a responsible and satisfactory tenant for the plaintiffs; that the defendant did procure responsible and satisfactory tenants in the persons of Stern and Harris and that they were responsible and satisfactory tenants is proven by the testimony of all witnesses, including that of the plaintiff, Thomas H. McNeill himself and by the further fact that plaintiffs executed leases with Stern and Harris; that by procuring these tenants and surrendering the premises on or before July 31, 1935, the defendant fulfilled its part of the oral agreement for the cancellation and surrender of the lease.

Defendant further contends that the plaintiffs are estopped from denying the cancellation of the lease by the conduct of Thomas H. McNeill, who permitted the defendant to execute and become obligated under another lease in reliance upon McNeill's statements that the lease between the plaintiffs and the defendant would be canceled.

The evidence in this case tends to show that the lease expired according to its terms in January, 1936. Harrison of the defendant corporation, appellant here, desiring larger space than the premises the corporation occupied, went to McNeill, representing the plaintiffs, and negotiations were had for the cancellation of the lease for the balance of the term provided the defendant would procure another tenant for the space occupied by the defendant corporation, who would be acceptable to the plaintiffs. Pursuant to this agreement Harrison procured Messrs. Stern and Harris as prospective tenants and took them to McNeill.

The evidence on behalf of defendant further shows that after an interview between Harrison, Stern, Harris and McNeill, the latter expressed himself as very

well satisfied with the prospective tenants, Harris and Stern, whereupon the defendant Harrison stated that he would go out and look for another place for himself; that about July 22, 1935, Harrison saw McNeill and again asked him if he was accepting the boys, meaning Stern and Harris, and McNeill said, "Yes, come in Friday, I will have the leases ready and I will release you"; that on Friday, July 26th, Harrison again returned to McNeill's office and Stern and Harris were there and Harrison asked if the leases were ready and if McNeill was satisfied "with the boys," meaning Stern and Harris; that McNeill said the leases were not ready but to come back the following day and they would be ready; that Harrison asked for a release in writing, but that McNeill said, "Why should I give you in writing, isn't my word good enough?"; that Harrison said, "All right, if you don't want to give it to me in writing. All right"; that Harrison signed a lease for other quarters on Saturday; that on the same day he went to McNeill's office, and that McNeill told him to wait for about a half hour while he talked with Stern and Harris again and that about a half hour later McNeill came to his office and said that the deal was off.

The evidence further shows that Harrison moved on July 30th and left the key with McNeill's brother in his office.

On behalf of plaintiffs, Thomas McNeill stated that he had a talk with Harrison about leasing the premises to Stern and Harris and releasing Harrison; that he told Harrison he would endeavor to negotiate a lease on his room with Stern and Harris; that he did not make a deal with Stern and Harris; that he told Harrison he would have to make a deal with Stern and Harris in regard to the machinery before he could talk with him definitely.

Both Stern and Harris testified that they were present at the time of the conversation between McNeill

and Harrison and that McNeill had stated that he was satisfied with them as new tenants.

The evidence further shows that McNeill did make two leases with Stern and Harris, the tenants who were brought to him by Harrison, one lease was for a space known as Room 610, for the period from August 1, 1935, until December 31, 1935, at $107.50 per month. This lease was for the space for which he had refused $150 a month from Harrison. The other lease was for Room 616, which was the space which had been occupied by Harrison and it was dated to commence on January 1, 1936, at a rental of $107.50 per month.

The result of the transaction was that McNeill negotiated a lease with the tenants Stern and Harris for the larger space in his building at a reduced rental, keeping the room vacated by Harrison & Sons, Inc., vacant until the following January, when Stern and Harris took possession.

It is contended by plaintiffs that defendant could not vary the terms of a lease under seal by parol evidence; that the agreement between Harrison and McNeill, by which the lease was canceled before its expiration, was invalid. There is no doubt that the rule at common law is that a sealed executory contract cannot be altered, changed or modified by parol agreement, but that is not the position of the parties in this case. This was a surrender of the lease and a giving up of the premises and there is no question involved as to varying the terms of a contract under seal. As the Supreme Court said in the case of *Alschuler v. Schiff,* 164 Ill. 298, at page 302:

"There can no longer be any contention in this State over the general rule insisted upon by appellee, that a sealed executory contract cannot be altered, changed or modified by parol agreement. This rule of the common law has been adopted by this court and consistently followed in a long line of unbroken authorities.

(*Chapman v. McGrew,* 20 Ill. 101; *Hume Bros v. Taylor,* 63 id. 43; *Barnett v. Barnes,* 73 id. 216; *Loach v. Farnum,* 90 id. 368; *Goldsborough v. Gable,* 140 id. 269.) . . . A defendant might, by parol proof, show, in an action against him on a contract or lease under seal, that he had made full payment of all amounts due, and thus was discharged. He might also, by parol testimony, show an eviction where there was no default by him in his lease, and thus a discharge. We know of no good reason why he may not also *show, by parol proof, that by agreement between the landlord and himself he has been released from the terms and obligations of the lease, and has, in pursuance thereof, surrendered possession of the premises to the landlord.* . . .

"We hold it to be the law of this State, that where it is not sought to alter or change the terms of a contract under seal, still leaving it in force, but where the object is to show that such instrument has been abrogated, canceled and surrendered, the question is one of fact for a jury, and evidence thereon is admissible. In the present case we do not pass upon or determine whether or not the evidence offered by defendant was sufficient to sustain his defense. That is not our province. We do hold, however, that such evidence tending to show a surrender and acceptance should have been submitted to the jury, and it was a question of fact for the jury to determine if there was an executed agreement for the surrender of the lease. *Williams v. Vanderbilt,* 145 Ill. 238.''

The surrender of a lease need not be in writing nor by express terms. The parties to a lease without any express surrender may do some act which implies that they both have agreed to the surrender as made. *Brewer v. National Union Bldg. Ass'n,* 166 Ill. 221; 2 Taylor on Landlord and Tenant, secs. 507 and 515. It was sufficient if all the parties agreed that Stern and

Harris should become the tenant of the plaintiffs and that they thereafter occupied the premises and were acknowledged by the plaintiffs to be their tenants. *Jacob v. Mundell*, 267 Ill. App. 160.

As to the motion for a judgment notwithstanding the verdict the statute and the rules of the municipal court provide that such motion must be entertained before judgment. Rule 175 of the municipal court reads as follows:

"In any civil action tried by jury, if either party shall, at the close of the testimony, and before the case is submitted to the jury, request the court for a directed verdict in his favor, the court shall reserve its decision thereon and submit the case to the jury under proper instructions as to the law applicable to the case. After the case is thus submitted to the jury, *and after receiving and recording the verdict of the jury and before judgment is entered in the action, the court shall hear arguments of counsel for and against said request.* If the court shall then decide, as a matter of law, that the party requesting the directed verdict was entitled thereto, the court shall enter its decision on the record and order judgment in accordance therewith notwithstanding the verdict entered, and the party against whom such judgment is entered shall have an exception to such action as a matter of course. If such request is denied an exception in favor of the party making such request shall follow as a matter of course. In either case such exception shall be presumed to have been taken unless the contrary expressly appears from the record."

In the instant case, without vacating the first judgment in favor of the defendant and against the plaintiffs, the court entered another judgment in favor of the plaintiffs and against the defendant.

Under the common law, judgments of this kind were based upon the pleadings and were entered as matters

of law and such motions could only be made by the plaintiff if the defense disclosed no reason why the plaintiff should not recover. Puterbaugh's Common Law Pleading, section 1103.

The provision of the Civil Practice Act and the municipal court rule 175 changes the common law and permits either party to move the court for judgment notwithstanding the verdict, if done in compliance with the provisions thereof.

The court in passing upon the motion must decide whether, as a matter of law, the party requesting the directed verdict is entitled thereto. This provision of the Civil Practice Act and rule 175 of the municipal court must be taken in connection with rule 22 of the rules of practice of the Supreme Court which provides: "The power of the court to enter judgment notwithstanding the verdict may be exercised in all cases where, under the evidence in the case, it would have been the duty of the court to direct a verdict without submitting the case to the jury." The statute and rules require the court to be governed by the same rules in passing upon a motion for a judgment notwithstanding the verdict as govern it in passing upon a motion for a directed verdict. The trial court in passing upon this motion has no more authority to weigh and determine controverted questions of fact under the Civil Practice Act than under the Practice Act of 1907. *Illinois Tuberculosis Ass'n v. Springfield Marine Bank,* 282 Ill. App. 14; *Capelle v. Chicago & N. W. Ry. Co.,* 280 Ill. App. 471.

If it were permissible for a trial judge on a motion *non obstante veredicto* to weigh the evidence and enter a judgment according to his opinion as to wherein lies the greater weight of the evidence, then the right to a trial by a jury would be done away with and the judgment of the court substituted therefor. It is only where there is no evidence as a matter of law to sustain either

a plaintiff's or a defendant's claim that a judgment may be rendered notwithstanding the verdict.

In the instant case the evidence was conflicting and the court should not have substituted its judgment as to the weight of the evidence in place of the verdict of the jury.

It is next contended that the application of the doctrine of estoppel prevents the plaintiffs from recovery from the defendant. The evidence of the defendant that, relying upon the statement of plaintiffs, he went out and leased other premises for the location of his factory is not denied.

The rule with relation to estoppel is well stated in the case of *Bondy v. Samuels,* 333 Ill. 535, on page 545, where the court said: "The general rule is, that where a party by his statements and conduct leads another to do something he would not have done but for such statements and conduct, the guilty party will not be allowed to deny his utterances or acts to the loss or damage of the other party. . . . *Milligan v. Miller,* 253 Ill. 511; *Oliver v. Ross,* 289 id. 624."

At the conference on July 26th, when Stern and Harris were present and McNeill told Harrison they would execute the lease with Stern and Harris the following day and permitted Harrison to leave the conference believing that he would cancel the defendant's lease, and so believing Harrison executed a lease for other property, such acts on the part of McNeill would estop him from afterwards changing his position.

As the Supreme Court said in the case of *Dodd v. Rotterman,* 330 Ill. 362, at page 371: "Estoppel must be based upon some statement or conduct of the person claimed to be estopped by which the person claiming the estoppel has been misled and induced to do something which he would not have done but for the statement or conduct of the other and by which he has been damaged."

We think the trial judge committed error in granting the motion *non obstante veredicto* and in substituting his judgment as to the weight of the evidence for that accorded to it by the verdict of the jury.

For the reasons herein given, the judgment of the municipal court entered upon the motion *non obstante veredicto* is hereby reversed and the judgment of October 2, 1935, in favor of defendant and against plaintiffs, which was entered upon the verdict of the jury, is hereby affirmed.

*Judgment of October 2nd in favor of defendant affirmed; judgment non obstante veredicto reversed.*

HALL, P. J., and HEBEL, J., concur.