Jennie Schultz, Appellant, v. Royal Neighbors of America, Appellee.

**Gen. No. 39,218.**

Heard in the third division of this court for the first district at the October term, 1936. Opinion filed June 30, 1937. Rehearing denied July 12, 1937.

CHARLES J. TRAINOR, of Chicago, for appellant.

FULTON, FULTON & SHEEN, for appellee.

MR. PRESIDING JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A judgment *non obstante veredicto* was entered in the municipal court of Chicago in favor of defendant, Royal Neighbors of America, a corporation, with costs against the plaintiff, Jennie Schultz, from which judgment plaintiff appeals. A jury had returned a verdict against the defendant for $1,050, but the trial judge set the same aside and entered a judgment notwithstanding.

The evidence shows that Jennie Schultz, the plaintiff, sued the defendant, Royal Neighbors of America, a corporation, on a policy of insurance which was payable to her in the event of the death of her son, John Schultz, while he was a member of the defendant insurance society in good standing; that John Schultz died on April 26, 1935, and that all premiums which were due and payable on said certificate were paid up to the date of the death of the insured; that plaintiff made a demand for the amount as set forth in the benefit certificate due her as beneficiary, but payment was refused by defendant.

There appears to be only one controverted question of fact, as appears in defendant's affidavit of defense, which was that the potential cause of action on said benefit certificate, upon which this suit was based, became null and void because the death of John Schultz, the insured, occurred while he was violating the law. Defendant alleges that the insured was shot while attempting to escape after having committed a burglary. Under the terms of the policy, the death having occurred at the time of the alleged crime it would preclude recovery.

Plaintiff contends that the burden rested upon the defendant to establish such defense beyond a reasonable doubt and that the evidence of plaintiff was sufficient to show that the insured was not engaged in any violation of the law, as a consequence of which he was killed.

Defendant contends that it was required only to establish its defense—that the death of deceased occurred in consequence of a violation of the laws of the State of Illinois—by a preponderance of the evidence, and that the court improperly instructed the jury that it was required to establish that defense beyond reasonable doubt.

Testimony was produced on both sides as to whether or not John Schultz, the insured, was killed whilst engaged in or as the result of the burglarizing of a store. At the conclusion of the plaintiff's evidence, the defendant asked that the jury be instructed to find for the defendant and again at the conclusion of all the evidence a similar motion was made. Both of these motions were denied by the court and the cause was submitted to the jury who returned a verdict as heretofore stated.

We think the court was in error in requiring the defendant to prove beyond a reasonable doubt that the insured was involved in the crime as charged in their answer. There is a contrariety of opinion in the various States as to whether or not when a crime is alleged in the pleadings, such allegation must be proven beyond a reasonable doubt. The rule in this State appears to be that unless the crime is charged against a *party* to the suit, such requirement of proof is not necessary and proof by a preponderance of the evidence will be sufficient.

In *Foster v. Graf,* 287 Ill. 559, the court at page 563 said: "It has been held by this court that where in a civil suit, under the pleadings, it becomes necessary to

the maintenance of the plaintiff's cause of action or the defendant's defense to show that the opposite party has been guilty of a criminal offense, such offense must be proven beyond a reasonable doubt. (*Grimes v. Hilliary,* 150 Ill. 141.) It has never been held by this court, so far as we are aware, that a crime charged against a stranger to the suit must be proved beyond a reasonable doubt. In civil actions, unless the issues involve the commission of crime by some of the parties thereto, the application of such a rule is unauthorized by the law of evidence. (*Seybolt v. New York, Lake Erie and Western Railway Co.,* 47 Am. Rep. 75.) There is no good reason for holding that the criminal charge against a stranger to the suit must be proved beyond a reasonable doubt. He is in no way bound by the judgment in such a case.''

In the instant case a criminal charge was made against the insured who, being dead, of course was not a party to the suit. The parties to the suit being the insurance company on the one hand and the plaintiff as beneficiary named in the insurance policy on the other, we think the proper rule governing such proof is that the allegations be established by a preponderance of the evidence and not beyond a reasonable doubt.

Counsel for defendant in defending the action of the court in denying the motions to instruct the jury at the close of plaintiff's evidence and again at the close of defendant's evidence, says that Rule 175 of the municipal court rules compels the court to refrain from passing upon the motions, but that the court *must* wait until after the verdict of the jury. However, the court did not postpone passing upon the said motions but denied them promptly, saying at the time that the record shows there was sufficient evidence to go to the jury. It is quite apparent the court believed there was sufficient evidence to be passed upon by the jury.

We do not believe the errors committed by the court in the instructions were cured by entering judgment *non obstante veredicto*.

As was said in *McNeill v. Harrison & Sons, Inc.*, 286 Ill. App. 120, at page 129:

"In the instant case the evidence was conflicting and the court should not have substituted its judgment as to the weight of the evidence in place of the verdict of the jury."

Inasmuch as this case must be retried, it is unnecessary to comment on the other points made in the briefs.

For the reasons herein given the judgment of the municipal court is reversed and the cause is remanded for a new trial.

*Judgment reversed and cause remanded.*